■ LOUISE C. O'BRIEN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34968.) — This is an appeal by the defendant, the State of New York, from a judgment of the Court of Claims, in favor of the claimant in the sum of $204,944. The judgment was based upon an award made by the Court of Claims in the sum of $186,000, from which the court provided that the sum of $84,000, previously advanced to the claimant, be deducted, leaving due to the claimant the sum of $102,000. The court allowed interest on the sum of $102,000 from April 10, 1957, the date when title vested in the State, to the date of entry of judgment. The court also allowed interest on the $84,000 — partial payment from April 10, 1957, the date when title vested in the State, to July 16, 1958, the date upon which the partial payment was made by the State to the claimant. The last-mentioned item of interest amounted to the sum of $4,256. The defendant State appeals only from that part of the judgment which awards to the claimant the sum of $4,256 as interest on the partial payment of $84,000. By an agreement between the claimant and the State, dated January 14, 1958, which was duly approved by the Superintendent of Public Works and the State Comptroller, the State agreed, pursuant to section 30 of the Highway Law, to advance to the claimant as a partial payment, the sum of $84,000. In this agreement it was stipulated that "no interest shall be allowed on the amount of such partial payment." That the owner may waive his right to interest seems well established (3 Nichols, Eminent Domain [3d ed.], pp. 113, 114, § 8.63, subd. [2]). The award of interest on the partial payment of $84,000 from April 10, 1957 the date of appropriation to July 16, 1958, was error. Such a construction renders the agreement meaningless. No interest accrues upon moneys paid by an obligor to an obligee for the period subsequent to the payment. The State needed no protection after the payment was made, but did need it with respect to interest which would have accrued upon the amount of the advance partial payment during the period which elapsed between the date when title vested in the State and the date when the payment was made. (Cf. *Menna* v. *State of New York,* 11 A D 2d 568; *Valley Stream Lawns* v. *State of New York,* 9 A D 2d 149.) Judgment modified by reducing the amount thereof by the sum of $4,256 and as so modified affirmed, with costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.