■ CHARLES A. GAETANO CONSTRUCTION CORPORATION, Plaintiff, v CITIZENS DEVELOPERS OF ONEONTA, INC., Appellant, and DAVERMAN & ASSOCIATES, Respondent, et al., Defendants. —Casey, J. P. Appeal from an order of the Supreme Court (Mugglin, J.), entered November 21, 1990 in Otsego County, which, *inter alia,* partially granted a motion by defendant Daverman & Associates for payment of installments due it from defendant Citizens Developers of Oneonta, Inc. pursuant to a stipulation of settlement.

At issue on this appeal is whether Supreme Court erred in refusing to discharge a bond obtained by defendant Citizens Developers of Oneonta, Inc. (hereinafter CDO) to discharge a mechanic's lien in the amount of $157,542 acquired by defendant Daverman & Associates. In this lien foreclosure action commenced by plaintiff, another mechanic's lienholder who is not a party to this appeal, Daverman moved to foreclose its lien and CDO moved to declare Daverman's lien void and to recover damages on the ground that Daverman had willfully exaggerated its lien. Prior to trial, CDO and Daverman entered into a stipulation on the record in open court which obligated CDO, *inter alia,* to pay $30,400 to Daverman in specified future installments. The stipulation provided that the lien foreclosure action would not terminate until CDO paid the first installment of $10,000 and provided a letter of credit and the parties exchanged general releases.

When CDO failed to pay the first installment of $10,000 or to provide a letter of credit, Daverman moved to hold CDO in contempt. Supreme Court granted the motion, imposed a $2,500 fine and directed that CDO could purge itself of the

contempt by paying all moneys due pursuant to the stipulation. CDO again failed to comply and Daverman sought a money judgment for the amount due under the terms of the stipulation. CDO did not oppose the motion, but requested that its bond be discharged. Supreme Court granted Daverman's motion and denied CDO's request for relief. CDO appeals from the order.

"Where the parties enter into a stipulation recorded in the minutes of the court, the settlement agreement terminates all of the claims of the parties theretofore made in the action, and the agreement becomes enforceable as a contract binding on all the parties thereto" (*Biener v Hystron Fibers,* 78 AD2d 162, 167 [citation omitted]; *see, Skogsberg Constr. Co. v Hawthorne Indus. Park,* 94 AD2d 766, 767). CDO contends that the order obtained by Daverman, which enforces the parties' agreement embodied in the stipulation of settlement, extinguished any and all claims Daverman had in the underlying action, including its cause of action to foreclose its mechanic's lien, and, therefore, the bond obtained to discharge Daverman's lien must be discharged. The flaw in CDO's argument lies in its failure to take into account the clear and unambiguous language of the stipulation itself. Pursuant to the settlement agreement, CDO expressly agreed that the foreclosure action would not be terminated unless and until there was compliance with certain requirements of the settlement agreement, including the requirement that CDO make the initial $10,000 payment and provide a letter of credit. Since neither event has occurred, the action, including Daverman's lien foreclosure claim, remains pending pursuant to the express terms of the parties' stipulation of settlement. Accordingly, Supreme Court did not err in denying CDO's request to discharge its bond.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.