■ H.K.S. HUNT CLUB, INC., Appellant, v TOWN OF CLAVERACK et al., Respondents. (And a Third-Party Action.) [634 NYS2d 816] —White, J. Appeal from an order of the Supreme Court (Cobb, J.), entered July 11, 1994 in Columbia County, which declared that the parties' stipulation of settlement waived plaintiff's claim to prejudgment interest.

Plaintiff is the owner of a 200-acre parcel of property in the Town of Claverack, Columbia County, adjoining a landfill owned by defendant Town of Claverack and operated by defendant Columbia County. In 1989, plaintiff commenced this action setting forth three causes of action: nuisance, continuing trespass and a violation of RPAPL 853. In October 1992, plaintiff served a proposed amended complaint interposing additional claims of "de facto taking" pursuant to EDPL 702 (C), 42 USC § 1981 and 42 USC § 9601 *et seq.* Thereafter, the parties entered into negotiations which, in November 1992, culminated in a stipulation of settlement which basically provided that defendants would purchase the property for an amount to be determined by Supreme Court.

Shortly after the parties served their appraisals in June 1993, an issue arose as to whether plaintiff would be entitled to prejudgment interest. To resolve this issue, defendants moved for a determination that the stipulation bars such a claim. Supreme Court found that it did, prompting this appeal.

The parties' stipulation of settlement is a contract subject to the principles of contract interpretation (*see, Rainbow v Swisher*, 72 NY2d 106, 109). The cardinal rule of contract interpretation is that, where the language of the contract is clear and unambiguous, the parties' intent is to be gleaned from the language of the agreement and whatever may be reasonably implied therefrom (*see, Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793; *Matter of Frye v Brown*, 189 AD2d 1031, 1033).

In this instance, the parties agreed to settle "all claims" asserted by plaintiff. This settlement was to be effected by defendants taking title to the property after its "total payment" was determined and paid. The stipulation provided that the "time of the taking will be deemed August 10, 1988" and defined "total payment" as the value of the property on August 10, 1988 as determined by Supreme Court, increased by 10% of any value up to $600,000 to defray plaintiff's counsel fees and other expenses. There was no reference to the payment of interest.

Both parties agree that the stipulation is unambiguous, albeit for different reasons. Plaintiff's claim of entitlement to

interest is premised on the stipulation's establishment of August 10, 1988 as the "time of the taking". According to plaintiff, this shows that the parties understood that the claim being settled was its "de facto taking" claim which carries with it the constitutional right to prejudgment interest (*see, Adventurers Whitestone Corp. v City of New York*, 65 NY2d 83, 87, *appeal dismissed* 474 US 935).

Defendants point out that the stipulation encompasses "all claims" asserted by plaintiff without identifying or singling out any one for special significance. Therefore, defendants contend that plaintiff relinquished its right to interest since the stipulation does not preserve any substantive aspect of any of the causes of action plaintiff asserted.

The weakness of plaintiff's position is that it focuses on one clause of the stipulation rather than the entire instrument (*see*, 22 NY Jur 2d, Contracts, § 220, at 65-67). When the entire stipulation is considered, the parties' unmistakable intention conveyed by its language is that they were settling all of plaintiff's claims for an amount that did not include interest. Our finding is predicated upon the fact that the stipulation encompasses all of plaintiff's claims and defines "total payment" without any reference to the payment of interest. Considering that plaintiff had a constitutional right to prejudgment interest on its "de facto taking" claims, together with the fact that according to plaintiff the amount of such interest was approximately $400,000, it is reasonably inferable that if the parties intended to include interest as a component of "total payment", they would have done so explicitly or, at the very least, limited the stipulation to the "de facto taking" claims which carry a right to prejudgment interest. Moreover, inasmuch as the parties did not provide for the payment of interest, we cannot, under the guise of contract interpretation, imply such an obligation (*see, Lui v Park Ridge at Terryville Assn.*, 196 AD2d 579, 581).

Therefore, for these reasons and as there is no prohibition against property owners waiving their constitutional right of interest in condemnation proceedings (*see, O'Brien v State of New York*, 13 AD2d 885), we affirm.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.