■ Martin Barnett et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v Madison Square Garden Center, Inc., Respondent. [641 NYS2d 669] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 25, 1995, which, in an action for unjust enrichment, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Insofar as the action is based on the claim that defendant arena operator caused the labor stoppage that resulted in the cancellation of some New York Ranger home games during the 1994-1995 hockey season, and delayed the payment of refunds for cancelled games to season ticket holders when it knew of, and "actually choreographed" the length of the labor stoppage, plaintiff's allegations are so speculative and conclusory as to be inherently unworthy of belief (see, Mark Hampton, Inc. v Bergreen, 173 AD2d 220, lv denied 80 NY2d 788; cf., Bickett v Buffalo Bills, 122 Misc 2d 880, 883). Insofar as the action is based

on the claim that defendant should not have accepted the advance payment by season ticket subscribers without conveying to them its expectation of a lockout for an uncertain period of time that would result in the cancellation of an uncertain number of games, the IAS Court correctly held that any relief beyond a pro rata refund for cancelled games was precluded by a valid written contract between the parties governing ticket holders' rights in the event of cancellation (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). Nor do we perceive anything unjust about a refund policy which, in making no provision for the payment of interest on refunds, and other significant respects, follows the statute that would govern in the absence of a contract (*see*, Arts and Cultural Affairs Law § 23.08 [1], [3]). Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Mazzarelli, JJ.