**ROYAL INDEMNITY COMPANY,**
Plaintiff,

v.

**PROVIDENCE WASHINGTON INSURANCE COMPANY,**
Defendant.

No. 95–CV–0593 FJS.

United States District Court,
N.D. New York.

June 23, 1997.

**150**

Brody & Fabiani, New York City (John V. Fabiani, Jr., of counsel), for Plaintiff.

Bouck, Holloway, Kiernan & Casey, Albany, NY (Judith S. Karpen, of counsel), Schindel, Farman & Lipsius, New York City (Laurence Rabinovich, of counsel), for Defendant.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Background

Plaintiff Royal Indemnity Insurance Company ("Plaintiff") brings this action against Defendant Providence Washington Insurance Company ("Defendant") seeking contribution for the costs resulting from the Defendant's failure to defend and indemnify the parties' common insured in a personal injury action (the "Normandin action"). By Order dated February 6, 1997 and Judgment entered February 7, 1997, this Court granted the motion for summary judgment brought by the Plaintiff, finding that the "bobtail exclusion" contained in the Defendant's insurance policy was void as against New York public policy. 952 F.Supp. 125, 128 (N.D.N.Y.1997). Therefore, the Court determined that the "Defendant is a primary insurer and is obligated under the terms of its policy to reimburse Plaintiff for its pro-rata share of the cost to defend and settle the Normandin action," in the amount of $464,581.74. *Id.* at 129. Presently before the Court is the Plaintiff's motion to amend the judgment to include prejudgment interest pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

### Discussion

 Pursuant to Rule 59(e), a party may move within ten days after entry of judgment to alter or amend a judgment to include prejudgment interest. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir.1994). The availability and calculation of prejudgment interest in a diversity action is determined by state law. *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 341–42 (2d Cir.1993). Under New York Law, the availability of prejudgment interest is governed by Sections 5001 and 5002 of the New York Civil Practice Law and Rules. Prejudgment interest is comprised of pre-decision and post-decision interest. Section 5001 addresses pre-decision interest, i.e., interest for the period prior to a court's decision, while Section 5002 addresses post-decision interest, i.e., interest from the date of the decision to the date of judgment.

Section 5001 provides, in relevant part, that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, ..., except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." N.Y. C.P.L.R. § 5001(a) (McKinney Supp. 1997).

In the present case, the Plaintiff argues that it is entitled to prejudgment interest as a matter of right pursuant to Section 5001(a) because this Court's decision to award the Plaintiff $464,581.74 was based on breach of contract principles, i.e., the sum awarded was "because of a breach of performance of a contract." *See U.S. Naval Institute v. Charter Communications*, 936 F.2d 692, 698 (2d Cir.1991) (a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right). The Defendant, however, argues that the Court's decision was based on its equitable powers, and as such, the Court has discretion in determining whether to award prejudgment interest. Therefore, the issue before the Court is whether its decision ordering the Defendant to contribute half of the Plaintiff's costs in the defense and settlement in the Normandin action was an action at law or an action in equity.

 In *United States Fire Ins. Co. v. Federal Ins. Co.*, the Second Circuit addressed an action for contribution between two coinsurers and whether the successful plaintiff was entitled to prejudgment interest as a matter of right. 858 F.2d 882 (2d Cir.1988). There, the court held that even though equity principles were involved, such an action for contribution between two coinsurers "should be viewed as a type of contract action in which the successful plaintiff is entitled to predecision interest as a matter of right." 858 F.2d at 888. The Court noted

that "though the recognition of a coinsurer's right of contribution, or partial indemnification, is an exercise of the court's equity powers [i.e., implying a contract between the coinsurers to contribute], the contribution suit is nonetheless a quasi-contract action, which is an action at law." *Id.* Applying the reasoning of *United States Fire*, this Court finds that the Plaintiff's action for contribution was essentially a contract action and therefore an action at law, whereby the Plaintiff is entitled to prejudgment interest as a matter of right pursuant to Section 5001 of the New York Civil Practice Law and Rules.

As such, the Plaintiff is entitled to pre-decision interest from the time the Plaintiff first incurred the costs of defending and settling the Normandin action to February 6, 1997, the date of this Court's decision, and post-decision interest from February 6, 1997 to February 7, 1997, the date this Court entered judgment.

Pursuant to Section 5004 of the New York Civil Practice Law and Rules, prejudgment interest is calculated at nine per cent per annum. In the present case, this Court awarded Plaintiff $464,581.74, half of the amount the Plaintiff spent from 1990 to 1994 to defend and settle the Normandin action. As such, the Court finds that Plaintiff is entitled to nine per cent per annum of its costs to defend and settle the Normandin action, or $121,167.09.[1]

### Conclusion

After carefully reviewing the arguments of counsel, the papers submitted, and the applicable law, it is hereby

ORDERED that Defendant's motion to amend the judgment is GRANTED, and it is further

ORDERED that the Clerk of the Court is directed to amend the Judgment entered

February 7, 1997 to include pre-judgment interest in the amount of $121,167.09.

IT IS SO ORDERED.

---

1. The Defendant argues that Plaintiff should not receive pre-judgment interest on that portion of the award representing the payments made by Plaintiff to attorneys to defend and settle the underlying personal injury action because the Plaintiff has not submitted contemporaneous time records documenting the work completed by the attorneys. The Court finds that because it has already awarded attorney's fees to the Plaintiff as part of the Plaintiff's award, and the Defendant never objected to the amount requested by the Plaintiff as part of its award, the Court finds the Defendant's objection to be without merit.