■ Timothy Mann, Sr., et al., Plaintiffs, and All Waste Systems, Inc., Respondent, v Gulf Insurance Company, Appellant, et al., Defendants. (And a Third-Party Action.) [751 NYS2d 557] —In an action, inter alia, for a judgment declaring that Gulf Insurance Company is obligated to indemnify the plaintiffs in an action entitled *Mann v All Waste Systems, Inc.,* pending in the Supreme Court, Orange County, under Index No. 7848/97, and a related action entitled *Hernandez v All Waste Systems, Inc.,* pending in the Supreme Court, Orange County, under Index No. 2751/98, the defendant Gulf Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 2, 2001, as denied that branch of its motion which was for leave to amend its answer to include a counterclaim, inter alia, for prejudgment interest on an amount which it paid toward the settlement of the underlying actions.

Ordered that the order is affirmed insofar as appealed from, with costs.

The underlying actions to recover damages for personal injuries arose from an accident which occurred on October 22, 1997. At the time of the accident, the defendant Gulf Insurance Company (hereinafter Gulf) was the excess insurance carrier for the plaintiff All Waste Systems, Inc. (hereinafter All Waste), under an insurance policy which provided a policy limit of $7,000,000 per occurrence. On March 21, 2000, Gulf disclaimed coverage, alleging that All Waste failed to timely notify it of the accident. In June 2000 All Waste commenced the instant action, inter alia, for a judgment declaring that Gulf was obligated to indemnify it in the underlying actions.

The parties refer to the instant action as the "Coverage Action" since the issue therein is whether Gulf properly disclaimed coverage in the underlying actions.

On September 5, 2000, the underlying personal injury action entitled *Mann v All Waste Systems, Inc.* (hereinafter the *Mann* action), was settled for $4,375,000, and the underlying personal injury action entitled *Hernandez v All Waste Systems, Inc.* (hereinafter the *Hernandez* action), was settled for $125,000.

On October 6, 2000, All Waste and Gulf entered into a bilateral non-waiver agreement. Pursuant to the terms of the agreement, All Waste paid the $125,000 settlement of the *Hernandez* action in full and agreed to contribute $125,000 toward the settlement of the *Mann* action. Gulf agreed to contribute $3,250,000 toward the settlement of the *Mann* action, and the remaining $1,000,000 would be paid by All Waste's primary insurance carrier. The bilateral non-waiver agreement further provided: *"Reservations of Rights to Recover Settlement Contributions.* The Parties agree that the only relief they will seek as respects the other Party in the Coverage Action will be limited to recovery of amounts paid hereunder, together with declaratory relief."

The agreement further provided that it constituted "an integrated Agreement containing the entire understanding of the Parties, regarding the matters addressed herein."

In November 2000 All Waste served an amended complaint in the Coverage Action seeking, inter alia, to recover from Gulf the $250,000 it paid toward the settlement of the underlying actions. In its "wherefore" clause, All Waste demanded "$250,000 plus interest." Thereafter, Gulf moved for leave to amend its answer in the Coverage Action to assert a counterclaim for the $3,250,000 which it paid toward the settlement plus interest from the time that it paid that sum in settlement of the *Mann* action. In response, All Waste cross-moved for leave to amend its complaint in the Coverage Action to delete the demand for interest on the $250,000 which it paid toward the settlement, on the ground that the demand for interest was an inadvertent error.

The Supreme Court found that pursuant to the terms of the bilateral non-waiver agreement, Gulf was not entitled to prejudgment interest since the agreement "limited" relief in the Coverage Action to "recovery of amounts paid hereunder." We affirm.

The language of the bilateral non-waiver agreement conveys the unmistakable impression that the parties intended to limit their respective recoveries in the Coverage Action to the

amounts actually paid toward settlement of the underlying actions (see *H.K.S. Hunt Club v Town of Claverack,* 222 AD2d 769, 770). Pursuant to the terms of the bilateral non-waiver agreement, Gulf agreed to advance a portion of what it would be obligated to pay if All Waste were ultimately successful in the Coverage Action. At the time the payment was made, the parties did not characterize the advance as a loan for which interest must be paid (see *Barnett v Madison Sq. Garden Ctr.,* 227 AD2d 178, 179). Since the advance was made pursuant to the terms of the bilateral non-waiver agreement, Gulf's rights to the return of that advance are governed by the terms of that agreement, not the insurance policy or the common law relating to breach of an insurance policy.

CPLR 5001 (a) authorizes an award of prejudgment interest "upon a sum awarded because of a breach of performance of a contract." In an action to recover the proceeds of an insurance policy, prejudgment interest must be awarded on amounts due pursuant to the terms of the insurance policy on the ground that the delay in payment constituted a breach of the terms of the insurance policy (see *Royal Indem. Co. v Providence Washington Ins. Co.,* 966 F Supp 149, *affd* 172 F3d 38). Since the payment in issue was made pursuant to the terms of the bilateral non-waiver agreement and not the insurance policy itself, CPLR 5001 (a) is not applicable to these facts.

Gulf contends that the purpose of the settlement of the underlying actions was "to cap All Waste's potential liabilities in the underlying actions, while preserving all rights against one another for the recovery of amounts to be paid by them." This contention supports All Waste's position. As long as the settlement remained unpaid, All Waste remained liable to the plaintiffs in the underlying actions for prejudgment interest (see *Mann v All Waste Sys.,* 293 AD2d 656). If All Waste was ultimately successful in the instant Coverage Action, Gulf would be liable for that prejudgment interest (see *Varda, Inc. v Insurance Co. of N. Am.,* 45 F3d 634, 640). By entering into the bilateral non-waiver agreement and paying the settlement while the Coverage Action was pending, Gulf capped All Waste's liability for prejudgment interest and capped its own potential liability for prejudgment interest as well.

Gulf's remaining contentions are without merit. Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.