■ AGNES DONNELLY et al., Appellants, v JANICE LARGE, Also Known as JANICE LARGE-ARMER, Respondent. [909 NYS2d 205]—

Garry, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 12, 2010 in Saratoga County, which, among other things, denied plaintiffs' motion for accrued interest on an amount due and owing pursuant to a previous stipulation of settlement.

In 1996, defendant executed promissory notes to each plaintiff for separate sums and with differing interest rates. Both notes were secured by mortgages on defendant's property in the Town of Providence, Saratoga County. Defendant defaulted and plaintiffs commenced a joint action to enforce the obligations. In 2004, the parties executed a written stipulation of settlement in which defendant agreed that she would confess judgment to plaintiffs in specified amounts that included "principal, interest through December 24, 2003, and reasonable attorneys [sic] fees" and would make monthly installment payments to each plaintiff until paid in full. The stipulation permitted plaintiffs to file the judgment by confession, but provided that they would not execute upon it or foreclose the mortgages unless defendant defaulted. Concomitantly, defendant executed an affidavit for confession of judgment in which she confessed judgment for plaintiffs in the stipulated amounts. This affidavit included a breakdown of defendant's total obligations providing the specific amounts of principal due as of October 1999, interest from October 1999 through December 2003, counsel fees, and payments made after October 1999.

Defendant made sporadic payments thereafter. Plaintiffs subsequently retained new counsel and discovered, in 2008, that their former counsel had not filed or entered the affidavit for judgment by confession in the County Clerk's office within the requisite three-year limitations period (see CPLR 3218 [b]), rendering the affidavit null and void. Upon defendant's refusal to execute a replacement affidavit, plaintiffs sought an order requiring her to do so. In March 2009, Supreme Court issued an initial decision and order in plaintiffs' favor. Following further proceedings, including a second application by plaintiffs,

Supreme Court executed an order in January 2010 directing defendant to execute an affidavit for confession of judgment in favor of plaintiffs for specified sums, representing the amounts set forth in the stipulation and affidavit less defendant's subsequent payments. The order further provides that the amounts awarded do not include deductions for previously paid interest, and that no allowance is made for prospective payments of accrued interest or counsel fees. Plaintiffs now appeal from the order insofar as it denies interest and counsel fees.

Plaintiffs concede that they are not entitled to statutory post-judgment interest (*see* CPLR 3218, 5004), but contend that Supreme Court erred in failing to award contractual interest on defendant's unpaid obligations at the rates set in the underlying promissory notes. We disagree. The 2004 stipulation terminated the parties' claims in the action and rendered the agreement enforceable as a binding contract (*see Charles A. Gaetano Constr. Corp. v Citizens Devs. of Oneonta*, 175 AD2d 465, 466 [1991]; *Biener v Hystron Fibers*, 78 AD2d 162, 167 [1980]; *see also* 19A NY Jur 2d, Compromise, Accord, and Release § 56). Thus, the stipulation's terms with regard to payment of the debt superseded the notes. In this enforcement proceeding, the parties' rights and obligations are governed by the provisions of the stipulation, not those of the notes.

A stipulation is a binding contract to be construed according to the rules of contract interpretation (*see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *H.K.S. Hunt Club v Town of Claverack*, 222 AD2d 769, 769 [1995], *lv denied* 89 NY2d 804 [1996]). Here, as the stipulation is clear and unambiguous, the parties' intent is discerned from the language of the document as a matter of law (*see Matter of Modern Med. Lab. v Dowling*, 232 AD2d 901, 902 [1996]; *H.K.S. Hunt Club v Town of Claverack*, 222 AD2d at 769). Stipulations of settlement are favored by the courts and strictly enforced (*see e.g. Robison v Borelli*, 239 AD2d 656, 657 [1997]), and the court is not to "insert words or phrases" in the course of interpretation (*Massachusetts Mut. Life Ins. Co. v Thorpe*, 260 AD2d 706, 708 [1999], *lv denied* 93 NY2d 814 [1999]). We agree with Supreme Court that nothing in the plain language of the stipulation demonstrates that the parties intended to continue or reinstate the interest obligations set out in the promissory notes after the stipulation was executed.

Contrary to plaintiffs' assertion, no provision in the stipulation incorporates the terms of the notes into the agreement. While the stipulation includes several references to interest, none may be read to create an ongoing obligation to pay interest at the rates set in the notes. The stipulation's provision that

the total amount to which defendant would confess judgment included, as to each plaintiff, "interest through December 24, 2003," plainly does not create a continuing obligation to pay interest thereafter. The stipulation further provided that defendant's monthly payments would continue "until the amount of the judgment, plus interest, is paid in full." As this reference to interest contemplated payments after judgment, it must be construed to refer to the statutory interest that would have been payable if the affidavit for confession of judgment had been filed. Although parties may agree to postjudgment interest higher than the statutory rate when "there is a clear, unambiguous, and unequivocal expression" of their intent to do so (*Retirement Accounts, Inc. v Pacst Realty, LLC*, 49 AD3d 846, 847 [2008]), no intent to require both contractual and statutory interest was expressed. Interpreting the stipulation as a whole, we cannot conclude that the parties intended to continue the interest obligations as established in the promissory notes, nor imply such an obligation under the guise of contract interpretation (*see H.K.S. Hunt Club v Town of Claverack*, 222 AD2d at 770). Thus, Supreme Court properly concluded that interest was not payable, and correctly allocated no part of the amounts defendant paid under the stipulation to interest.

Plaintiffs' claim for counsel fees, costs and disbursements similarly fails. The notes required defendant to pay plaintiffs' reasonable counsel fees and expenses in the event of her default; accordingly, the stipulation provided that the sums to which she would confess judgment included reasonable counsel fees. As with the interest rates, the counsel fee provisions set forth in the notes were extinguished upon execution of the stipulation. A provision requiring the payment of counsel fees in the event of further enforcement action could have been included in the stipulation, but was not.

In light of this holding, we do not reach plaintiffs' claim for an award of fees as sanctions (*see* CPLR 8303-a), nor defendant's contention that there was payment rendered, which was not presented to Supreme Court.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.