Lahtinen, J.P.
Appeals (1) from an order of the Surrogate’s Court of Schenectady County (Kramer, S.), entered May 3, 2010, which, in a proceeding pursuant to SCPA article 22, among other things, partially granted a motion by the Estate of Peter Polsinelli to strike petitioner’s objections to respondent’s accounting, and (2) from a decree of said court, entered July 23, 2010 which, among other things, judicially settled the account of respondent as former executor of decedent’s estate.
Decedent died in 2004 and his will named respondent, his son, executor and also named him as co-trustee with petitioner, decedent’s daughter, of a testamentary trust created in the will. The primary assets of the estate were decedent’s significant holdings of rental properties. Respondent had been a paid employee helping decedent manage the rentals and continued in such capacity after decedent’s death. Concerned that the trust had not been funded and no distributions had been made to beneficiaries, petitioner commenced a proceeding to compel an accounting in June 2006. Respondent filed an intermediate accounting in January 2007, and petitioner set forth numerous objections as well as commencing a proceeding to remove respondent as executor.
*1132 At a January 2008 appearance before Surrogate’s Court, the court recited the various matters pending before it regarding the estate and then stated that the parties had reached a “global settlement.” Among other things, the open court stipulation provided on the record that respondent would resign as executor and co-trustee, a corporate co-trustee would be appointed and a receiver would be appointed to manage decedent’s rental business and properties. Three issues were identified in the stipulation as remaining open: (1) the amount owed by respondent to the estate for personal expenses paid therefrom; (2) the amount the estate owed respondent for estate taxes that he had paid from personal funds; and (3) the calculation of respondent’s commission, which he agreed would be reduced from statutorily authorized amounts. Thereafter, respondent’s amended accounting resulted in further objections by petitioner. After a hearing, Surrogate’s Court sustained five objections regarding the amount owed by respondent to the estate, and dismissed the rest of the objections as not proven or previously withdrawn in the stipulation. The court then issued a final decree of judicial settlement of the accounting for respondent as former executor and a supplemental final decree. Petitioner appeals.
Petitioner contends that Surrogate’s Court incorrectly interpreted and applied the stipulation. We are unpersuaded. “A stipulation of settlement entered into in open court is a contract subject to principles of contract interpretation” (Grandy v McKay, 82 AD3d 1470, 1471 [2011], appeal dismissed 17 NY3d 782 [2011] [citations omitted]; see Rainbow v Swisher, 72 NY2d 106, 109 [1988]). “The cardinal rule of contract interpretation is that, where the language of the contract is clear and unambiguous, the parties’ intent is to be gleaned from the language of the agreement and whatever may be reasonably implied therefrom” (H.K.S. Hunt Club v Town of Claverack, 222 AD2d 769, 769 [1995], lv denied 89 NY2d 804 [1996] [citations omitted]; see generally Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007]).
Petitioner asserts that, under the terms of the stipulation, none of the rents received should have been considered when calculating respondent’s commission. Absent the stipulation, respondent’s commission as executor would have, by statute, included (1) the statutory percentage of the sums of money he received and paid (see SCPA 2307 [1]), and (2) since he was required to collect the rents of and manage real property, “[five] per cent of the gross rents collected therefrom in addition to the commissions herein provided” (SCPA 2307 [6] [emphasis added]). Simply stated, an executor who manages rental property is *1133 “entitled to a double commission with respect to the rents” (8 Warren’s Heaton, Surrogate’s Court Practice § 103.02 [7] [c]). The stipulation provided that respondent’s commission “shall be reduced to one-half” and that he “will not be entitled to any further commission based on rents” (emphasis added). The clear intent of this portion of the stipulation was that respondent agreed to reduce his SCPA 2307 (1) commission by one half and to waive entirely his SCPA 2307 (6) commission. Surrogate’s Court correctly interpreted the stipulation in such a fashion and properly allowed rents in the calculation of the SCPA 2307 (1) commission, which was then reduced by one half.
Next, we consider petitioner’s argument that Surrogate’s Court erred in holding that the stipulation waived all issues except the three that were specifically referenced on the record. We are also unpersuaded by this argument. At the beginning of the oral stipulation, Surrogate’s Court stated that negotiations had entailed “not just the issue that’s before the [cjourt today . . . but really a discussion of all the issues and what [the court] would term as an attempt to have a global settlement of the accounting and other matters.” The court recited the various matters before it, stated that there was “a meeting of the minds” for what it again characterized as “a global settlement,” and then the terms thereof were set forth. The plain language evinces the parties’ intent to settle all issues, including the account, with the exception of the three issues specifically set forth as still pending for resolution.
Petitioner contends that Surrogate’s Court improperly dismissed one of her objections regarding whether respondent used estate funds for purchases and maintenance of personal equipment. “[I]n a proceeding to settle an account[,] Surrogate’s Court has broad discretion to ‘make such order or decree as justice shall require’ ” (Matter of Schnare, 191 AD2d 859, 861 [1993], lv denied 82 NY2d 653 [1993], quoting SCPA 2211 [1]; see Matter of Veccio, 49 AD2d 380, 381 [1975]). Although respondent acknowledged that estate funds were expended for equipment he personally owned, he also testified that the equipment was used to maintain properties owned by the estate, this use was provided without charge to the estate, and that leasing such equipment would have cost the estate between $2,000 to $3,000 per month. Surrogate’s Court credited his testimony and determined that, under the circumstances, it was proper for the estate to pay expenses associated with the maintenance and use of respondent’s equipment. According deference to Surrogate Court’s credibility determination (see e.g. Matter of Fenlon, 95 AD3d 1406, 1407 [2012]; Matter of Moak, 92 AD3d 1040, 1043 *1134 [2012], lv denied 19 NY3d 812 [2012]), we cannot say that the court abused its discretion in dismissing this objection. The remaining arguments have been considered and are unavailing.
Stein, Spain and Egan Jr., JJ., concur. Ordered that the order and decree are affirmed, with costs.