Strulovitch v Samcom 48 (DE), LLC (2026 NY Slip Op 01082)

Strulovitch v Samcom 48 (DE), LLC

2026 NY Slip Op 01082

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-06436
2024-06438
 (Index No. 700215/22)

[*1]Sam Strulovitch, appellant, 
vSamcom 48 (DE), LLC, etc., defendant, Wing Fung Chau, et al., respondents (and a third-party action).

Bronstein, Gewirtz & Grossman, LLC, New York, NY (Peretz Bronstein and Mendy Katzman of counsel), for appellant.
The Scher Law Firm, LLP, Garden City, NY (Austin Graff of counsel), for respondents.

DECISION & ORDER
In an action to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 26, 2024, and (2) a judgment of the same court entered April 3, 2024. The order, inter alia, granted the plaintiff's cross-motion for summary judgment on so much of the complaint as sought to recover a down payment in the outstanding sum of $75,000 insofar as asserted against the defendants Wing Fung Chau and Aiyun Chen. The judgment, insofar as appealed from, upon the order, awarded prejudgment interest in favor of the plaintiff and against the defendants Wing Fung Chau and Aiyun Chen in the sum of only $7,285.06.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the order entered January 26, 2024, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In November 2019, the plaintiff, as buyer, and the defendant Samcom 48 (DE), LLC (hereinafter Samcom), as seller, entered into a contract to purchase certain real property located in Queens. Pursuant to the contract, the plaintiff paid a down payment in the sum of $2,100,000, which Samcom was obligated to return in full in the event that the plaintiff terminated the contract within a certain time period. The contract also contained a personal guaranty executed by the defendants Wing Fung Chau and Aiyun Chen (hereinafter together the defendants), pursuant to which the defendants agreed to be jointly and severally liable for Samcom's obligation to return the down payment. The plaintiff timely terminated the contract and demanded the return of the down payment. A portion of the down payment in the sum of $950,000, which had been held in escrow, was returned [*2]to the plaintiff.
In 2022, the plaintiff commenced this action against Samcom and the defendants to recover the outstanding down payment amount, in the principal sum of $1,150,000. While the action was pending, the plaintiff and Samcom entered into a settlement agreement containing a general release pursuant to which Samcom agreed to return $1,075,000 of the outstanding down payment, and the action was discontinued insofar as asserted against Samcom. Thereafter, the plaintiff cross-moved for summary judgment on so much of the complaint as sought to recover the remaining down payment in the outstanding sum of $75,000 plus interest insofar as asserted against the defendants. In an order entered January 26, 2024, the Supreme Court, inter alia, granted the plaintiff's cross-motion. The plaintiff submitted a proposed judgment to the court, which included an award of damages to the plaintiff in the principal sum of $75,000 plus prejudgment interest in the sum of $257,668.54, calculated upon the sum of $1,150,000. The defendants submitted a counter-proposed judgment, which included no prejudgment interest upon the principal sum of $75,000. In a judgment entered April 3, 2024, upon the order, the court awarded the plaintiff damages in the principal sum of $75,000 plus prejudgment interest in the sum of $7,285.06. The plaintiff appeals.
Pursuant to CPLR 5001(a), "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract." Here, contrary to the plaintiff's contention, the Supreme Court properly awarded prejudgment interest in the sum of only $7,285.06, calculated upon the damages awarded in the principal sum of $75,000, rather than upon the sum of $1,150,000 (see Mann v Gulf Ins. Co., 300 AD2d 452, 454; H.K.S. Hunt Club v Town of Claverack, 222 AD2d 769, 770; cf. Donaldson Interiors, Inc. v F.J. Sciame Constr. Co., Inc., 188 AD3d 816, 817).
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court