■ ANNA B. BROWN, Appellant, v GERALD BROWN, Respondent.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered July 26, 1989 in Warren County, which, *inter alia,* accepted defendant's accounting of a sale of property, and (2) from the judgment entered thereon.

The parties were divorced in February 1987. A stipulation entered into in open court in January 1987 was incorporated but not merged into the divorce judgment. The stipulation provided that defendant's mobile home park in the Town of Moreau, Saratoga County, would be sold, certain specified offsets would be made from the net proceeds and the balance would be divided equally between the parties. The parties were to cooperate and accept any reasonable offer. Thereafter, defendant sold the park for $150,000 and agreed to hold the mortgage without consulting plaintiff. He advised plaintiff that there were over $30,000 of deductions from the gross proceeds and that she would receive her share, after the deductions for the agreed-upon setoffs from the net proceeds, but probably not until the third year of the mortgage.

Plaintiff moved for summary judgment in lieu of complaint *(see,* CPLR 3213) seeking $55,000 plus interest as her share of the sale proceeds. Defendant opposed the motion and provided a reconciliation of the proceeds substantially different from his earlier calculation. Under this reconciliation, defendant deducted almost $70,000 from the gross proceeds in amounts as follows: $11,551.13 for fix-up expenses, $53,050.63 for real estate taxes and $5,135 for legal fees. Under this reconciliation, after the agreed-upon setoffs from the net proceeds, the parties would have split $31,198.22. Defendant claimed that the deductions from the gross proceeds were expenses incurred to repair health and safety violations and to satisfy outstanding real estate taxes, including defending actions by the Town of Moreau to close the park, in order to make the park marketable. Plaintiff argued that she should not bear these costs as defendant had been receiving substantial income from the park since 1984 and defendant's proof of expenses was incomplete and contradictory. Following a hearing to determine the validity of defendant's reconciliation, Supreme Court accepted the reconciliation. Plaintiff appeals.

The crux of the parties' dispute revolves around what was meant by the term "net proceeds" in the stipulation. Stated

another way, the essential question in this case is what expenses did the parties intend to be deducted from the gross proceeds of the sale before the stipulated setoffs and subsequent division of the remaining proceeds. Unfortunately, the parties did not define the term "net proceeds" in the stipulation. Because the stipulation was not merged into the judgment of divorce, it stands as an independent contract *(cf., Merl v Merl,* 67 NY2d 359, 362) and, therefore, should be interpreted in light of the parties' intent *(see, e.g.,* 22 NY Jur 2d, Contracts, § 196, at 37-38). Because the parties' meaning is not clear from the stipulation, a hearing is necessary *(see, e.g.,* 22 NY Jur 2d, Contracts, § 189, at 23-25).

The hearing conducted by Supreme Court did not focus on this particular question but was essentially a review of the accuracy of the various expenses charged by defendant against the gross proceeds from the sale. Indeed, Supreme Court's decision does not make any specific findings concerning the parties' intent. It strikes us as advisable, then, to remit for further proceedings directed at determining what the parties intended by the term "net proceeds" and envisioned to be deducted from the gross proceeds of the sale. In reaching this result, we admonish Supreme Court to take a closer look at defendant's proof concerning his claimed expenses. Our review of the record reveals that many of defendant's claimed expenses are contrary to amounts reflected in his receipts and income tax returns. Until the dispute over the meaning of "net proceeds" is resolved, however, we believe it inappropriate to address the precise incongruities in defendant's claimed deductions.

Order and judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.