■ In the Matter of SARAH E. FRYE, Formerly Known as SARAH FRYE BROWN, Respondent, v JOHN C. BROWN, Appellant.—Mahoney, J. Appeal from an order of the Family Court of Washington County (Hemmett, Jr., J.), entered November 25, 1991, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to enforce the maintenance provisions of a judgment of divorce.

This appeal involves interpretation of a December 7, 1992 open-court stipulation entered into by the parties which was later incorporated but not merged into a judgment of divorce. The stipulation resolved issues of both maintenance and property distribution. Regarding the latter, the parties agreed to retain joint ownership of certain income-producing rental

property located in the Town of Warrensburg, Warren County, until it could be sold. The sale was to occur as soon as practicable but within two years of the stipulation date. During the interim, the parties agreed that petitioner would be entitled to all income derived from the property and would be responsible for maintaining it and making the monthly mortgage installment payments thereon. On the subject of maintenance, respondent agreed to pay petitioner $75 weekly for the first three years from the stipulation date and $50 weekly for an ensuing five-year period. The parties further agreed that until it was sold, respondent could opt to pay the monthly mortgage on the Warrensburg property in lieu of making the $75 weekly maintenance payments.

Respondent initially chose to satisfy his maintenance obligation by paying the mortgage. While the property did not sell within the two-year time frame set forth in the stipulation, respondent continued to make the mortgage payments in lieu of maintenance, apparently without objection by petitioner. By the spring of 1986 animosity developed between the parties regarding the Warrensburg property, each claiming that the other's actions were impeding its sale. At this point, respondent ceased making mortgage payments and began making sporadic maintenance payments. The ambivalence ultimately resulted in petitioner quitclaiming all her interest in the Warrensburg property to respondent on September 16, 1986 and releasing any share in the rental income or the sale proceeds (when sold). From the date of the quitclaim deed and continuing until respondent sold the property on October 27, 1989, he made the monthly mortgage payments. He made no maintenance payments to petitioner during this period. Following the sale, however, he resumed the agreed-upon maintenance payments and continued them until the end of the eight-year term.

Petitioner raised no objection to respondent's failure to pay maintenance during the period September 16, 1986 to October 27, 1989 until November 1990 when she commenced the instant proceeding to enforce the stipulation and to obtain maintenance arrears for that period. In response, respondent argued that pursuant to the terms of the stipulation he did not have to pay maintenance to petitioner during this period because he was paying the mortgage on the Warrensburg property at the time. The dispute was referred to a Hearing Examiner who concluded that the parties' underlying intent in including the mortgage payment option in the maintenance agreement was no longer served after petitioner had released

all her interest in the Warrensburg property and, accordingly, found that she was entitled to $8,000 in maintenance arrears. Respondent thereafter filed objections to the Hearing Examiner's decision which were denied by Family Court. This appeal ensued.

We affirm. It is well established that stipulations such as the one here which are not merged into the judgment of divorce stand as independent contracts *(see, Brown v Brown,* 166 AD2d 827, 828). Accordingly, principles applicable in the realm of contract interpretation are properly invoked in interpreting these agreements *(supra).* Undoubtedly, the ultimate goal in contract interpretation is realization and effectuation of the parties intent *(see, e.g., Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303-304, *affd* 78 NY2d 944). Such intent is to be gleaned not only from the literal language of the agreement, but also from whatever reasonably may be implied therefrom *(see, supra; see also, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555).

Here, it is evident from a reading of the stipulation and a viewing of the attendant circumstances that the mortgage payment option was an alternative form of maintenance designed to financially benefit petitioner. It is also clear that this option was intended to be available only as long as petitioner was obligated to make the monthly mortgage payments on the Warrensburg property, for only under those circumstances would respondent's payment thereof operate to confer a financial benefit upon petitioner. When petitioner released all interest in the property to respondent and ceased to be obligated upon the debt, the requisite conditions precedent to availability of the mortgage payment option ceased to exist. This resulted in an extinguishment of the option itself.

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.