*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 5, 2015                    520202
_____

DAVID L. GANJE,

                        Appellant,

        v

LATEEF YUSUF et al.,

                        Defendants,        MEMORANDUM AND ORDER
        and

FRANKLIN CREDIT MANAGEMENT
    CORPORATION,

                        Respondent.
_____


Calendar Date:   September 14, 2015

Before:   Egan Jr., J.P., Rose, Devine and Clark, JJ.

                        _____


        Zachary A. Waksman, Easton, Massachusetts, for appellant.

        O'Hare Parnagian, LLP, New York City (Robert A. O'Hare of
counsel), for respondent.

                        _____


Egan Jr., J.P.

        Appeal from an order of the Supreme Court (Platkin, J.),
entered November 12, 2014 in Albany County, which, among other
things, granted a motion by defendant Franklin Credit Management
Corporation to dismiss the complaint against it.

        In 2007, Home Vest Capital, LLC, the holder of an unpaid
promissory note executed by defendant Lateef Yusuf, retained
plaintiff, an attorney, to commence a collection action against
Yusuf.  Pursuant to a contingent fee arrangement, plaintiff was
entitled to 25% of any money paid and/or collected from Yusuf.

In January 2008, plaintiff obtained a default judgment against Yusuf on behalf of Home Vest for $134,710.03. The judgment in question served as a lien on Yusuf's real property located at 650 Chauncey Street in Brooklyn.

In February 2009, Home Vest filed a chapter 7 bankruptcy petition, wherein it listed plaintiff and Varde Investment Partners, L.P. as two of its creditors. Prior to such filing, Home Vest and Varde had executed two separate agreements that, ultimately, resulted in Varde acquiring title to Home Vest's portfolio of performing and nonperforming loans. In December 2008, Varde assigned this portfolio, which apparently included the underlying judgment against Yusuf, to SCD Recovery, LLC. SCD, in turn, sold and assigned the portfolio to Bosco Credit VI, LLC (hereinafter Bosco Credit) in May 2012. Ultimately, the judgment against Yusuf was assigned to Bosco Credit VI Trust Series 2012-1 (hereinafter Bosco Trust) in December 2013.[1]

In the interim, in May 2013, plaintiff received an email from an individual who identified himself as the listing agent representing Yusuf in a short sale of the Chauncey Street property. This listing agent indicated that the first mortgagee had approved of the sale of the property and inquired as to whether plaintiff knew the identity of the entity holding or servicing the second mortgage on those premises. Plaintiff replied that he had no contact information for this creditor. Four months later, plaintiff emailed both the listing agent and an apparent representative of the relevant title company — advising them of both the judgment docketed against Yusuf on behalf of Home Vest and the corresponding charging lien for counsel fees. Plaintiff, who acknowledged that the listing agent was in negotiations with "the apparent but unconfirmed assignee"

---

[1] Most of the underlying assignment agreements either omit the schedule of assets assigned or only reference such assets by loan number, thereby making it difficult to document the progression of the underlying judgment through this series of transactions. However, the final assignment of judgment to Bosco Trust expressly references the Yusuf judgment by name, date and amount, thus establishing the holder thereof.

of the judgment, indicated that he would provide "a satisfaction of judgment lien as against [the] property" once the agents had identified "the current assignee or owner with authority to settle the [j]udgment" and confirmed the settlement terms; plaintiff further asked that such agents "advise the judgment creditor in writing of the terms" outlined in plaintiff's email. Although the title agent acknowledged the need to establish the chain of assignments and suggested that defendant Franklin Credit Management Corporation (hereinafter defendant) might be Home Vest's successor in interest, the listing agent subsequently advised plaintiff that he had been in touch with defendant relative to the short sale of Yusuf's property and that defendant "seem[ed] to have no knowledge of any judgment."

In October 2013, Yusuf sold the property to defendant 650 Chauncey Street LLC for $180,000. The listing agent informed plaintiff of the sale in November 2013 and indicated that Yusuf "was able to negotiate a full settlement of the lien and judgment with the current lien holder." Thereafter, in March 2014, plaintiff reached out to defendant requesting, among other things, copies of the closing documents relative to that sale. When such documents, including a purported satisfaction or release of judgment, were not forthcoming, plaintiff commenced this action asserting — insofar as is relevant to this appeal — causes of action against defendant sounding in fraudulent concealment, unjust enrichment, aiding and abetting fraud and enforcement of an attorney charging lien. In response, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), (7) and (10). Plaintiff then cross-moved for, among other things, leave to amend the complaint to add Bosco Credit and Bosco Trust as named defendants. Supreme Court granted defendant's motion to dismiss the complaint against it based upon documentary evidence and granted so much of plaintiff's cross motion as sought to add the respective Bosco entities as parties to this action. Plaintiff now appeals, contending that Supreme Court erred in dismissing the complaint against defendant.

We affirm. A motion to dismiss pursuant to CPLR 3211 (a) (1) is properly granted "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life

Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see State Farm Fire & Cas. Co. v Main Bros. Oil Co., 101 AD3d 1575, 1576-1577 [2012]; Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011]).  "Materials that clearly qualify as documentary evidence include documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (Midorimatsu, Inc. v Hui Fat Co., 99 AD3d 680, 682 [2012], lv dismissed 22 NY3d 1036 [2013] [internal quotation marks and citations omitted]).  To that end, an attorney's affidavit may serve "as a vehicle for the submission of documentary evidence" (Gihon, LLC v 501 Second St., LLC, 103 AD3d 840, 842 [2013]; see Furlender v Sichenzia Ross Friedman Ference LLP, 79 AD3d 470, 470 [2010]).

Here, the documentary evidence submitted on behalf of defendant included, among other things, the December 2008 assignment and assumption agreement between Varde and SCD, the May 2012 assignment and bill of sale between SCD and Bosco Credit and the December 2013 assignment of the Yusuf judgment to Bosco Trust – none of which bear any indication that defendant was a party to these transactions or otherwise was referenced in the chain of assignments relative to the Yusuf judgment.  Such proof, in our view, was sufficient to conclusively refute plaintiff's allegation that defendant either held or serviced the underlying judgment.  In opposition, plaintiff asserted that the respective Bosco entities were alter egos of – and were fully controlled by – defendant; hence, as the "co-owner . . . and the contracted servicing agent" for the judgment, defendant was a proper party to this action.  To support this claim, plaintiff tendered certain of defendant's annual reports and quarterly filings with the Securities and Exchange Commission, which indeed establish that defendant has invested in some of the Bosco-related entities and, further, has serviced and managed some loans held by such entities.  As Supreme Court aptly observed, however, proof of some sort of a business relationship between defendant and the various Bosco entities relative to an unidentified collection and/or portfolio of residential mortgages falls far short of establishing that "(1) [defendant] exercised complete domination of [the Bosco entities] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against [plaintiff] which resulted in [plaintiff's] injury"

(Matter of Island Seafood Co. v Golub Corp., 303 AD2d 892, 893 [2003]). Under these circumstances, Supreme Court properly granted defendant's motion to dismiss the complaint based upon documentary evidence. Plaintiff's remaining arguments, including his assertion that defendant should be equitably estopped from denying that it is a proper party to this action, have been examined and found to be lacking in merit.

Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court