### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 8, 2016                522575
_____

R. CRAIG JENKINS,

                    Appellant,

        v                               MEMORANDUM AND ORDER

E. KENT JENKINS, as Trustee of
    the MARTHA JENKINS FAMILY
    TRUST,

                    Respondent.
_____

Calendar Date:  October 19, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

                    _____

        Martin, Shudt, Wallace, DiLorenzo & Johnson, Troy (Robert
L. Adams of counsel), for appellant.

        Cooper Erving & Savage LLP, Albany (Susan C. Picotte of
counsel), for respondent.

                    _____

Egan Jr., J.

        Appeal from an order of the Supreme Court (McGrath, J.),
entered April 9, 2015 in Rensselaer County, which granted
defendant's motion to dismiss the complaint.

        In May 1997, Martha Jenkins (hereinafter decedent) created
the Martha Jenkins Family Trust, designated plaintiff and
defendant — two of her four children — as cotrustees and conveyed
her personal residence located in the Town of Brunswick,
Rensselaer County to the trust.  Plaintiff previously had moved
in with decedent to assist with her care and, in March 2007,
commenced a proceeding pursuant to Mental Hygiene Law article 81
seeking to have decedent adjudicated to be an incapacitated

person and to be appointed as the guardian of her person and her property. Defendant and his remaining siblings opposed the requested relief. Thereafter, in or about June 2007, the parties and their siblings entered into a stipulation of settlement, pursuant to the terms of which plaintiff was appointed as decedent's personal guardian, and defendant was appointed as the guardian of her property. Insofar as is relevant here, the stipulation provided that, once decedent no longer occupied the premises, the property would be sold at fair market value, but that plaintiff would have "the right of first refusal to purchase said residence at said value" – subject to certain enumerated terms and conditions. If plaintiff failed to exercise that right in accordance with the terms of the stipulation, he would be required to vacate the premises within 90 days of the issuance of the appraisal report for the property.

Following decedent's death in October 2012, plaintiff's attempt to purchase the home in conformity with the terms of the foregoing stipulation was unsuccessful. When plaintiff failed to vacate the premises as required, defendant commenced a summary holdover proceeding against plaintiff in Brunswick Town Court. In May 2013, the parties entered into a stipulation of settlement in open court that, among other things, afforded plaintiff a second opportunity to purchase the premises – again subject to certain specific conditions.[1] In conjunction therewith, Town Court executed a judgment awarding defendant possession of the premises and a warrant of eviction directing plaintiff's removal therefrom, both of which defendant agreed to hold in abeyance pending plaintiff's purchase of the property. In anticipation thereof, the parties discussed possession of and access to the property going forward and agreed that, "other than [as] expressly provided for in the rest of the stipulation[], [plaintiff would] have exclusive use and possession of the real estate involved." The parties further agreed, however, that plaintiff would allow an appraiser, defendant and his remaining

[1]  The transcript of this proceeding is dated July 30, 2013, but counsel for defendant represented at oral argument – without contradiction – that the resulting stipulation was reached on May 8, 2013.

siblings access to the premises for the purpose of inventorying and appraising decedent's personal property and, ultimately, identifying which personal effects each of decedent's children wished to acquire.

Plaintiff does not dispute that he thereafter denied his family members access to the property,[2] in response to which defendant commenced a turnover proceeding in Rensselaer County Surrogate's Court seeking, among other things, a decree granting him and the remaining beneficiaries access to the premises. After plaintiff failed to appear for the scheduled inquest, Surrogate's Court ordered, among other things, that plaintiff deliver all of decedent's personal property to defendant, whom Surrogate's Court also designated as decedent's preliminary executor.

In June 2014, plaintiff commenced this action seeking to compel defendant to convey title to the subject premises, as well as specific performance of the 2013 open court stipulation of settlement and money damages. Defendant apparently continued to pursue an amicable resolution of the underlying disputes – one that would afford plaintiff yet another opportunity to purchase the subject premises – but, when those efforts were unsuccessful, defendant filed a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), (3), (4) and (7), as well as upon res judicata and collateral estoppel grounds (relying upon

---

[2] The stipulation permitted family members access to the property on two distinct occasions – specifically, they were entitled to accompany the appraiser during his or her scheduled visit, and they also were permitted to return to and access the premises at a later date. According to plaintiff, access on the latter of these two occasions was expressly contingent upon his siblings generating a list of the items that they wished to acquire. As only defendant accompanied the appraiser at the time of the May 28, 2013 inventory/inspection, and as the remaining family members purportedly did not generate the "required" list, plaintiff insisted that he was justified in barring his siblings' June 11, 2013 attempt to access the premises.

the prior proceedings in Town Court).[3]  Supreme Court, relying upon the terms of the parties' 2013 open court stipulation of settlement, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1).  This appeal by plaintiff ensued.[4]

We affirm.  Although plaintiff relies upon the "liberal construction" standard afforded to a complaint on a motion to dismiss pursuant to CPLR 3211 (a) (7), Supreme Court did not grant defendant's motion to dismiss upon CPLR 3211 (a) (7) grounds and, in any event, "[t]his liberal standard . . . will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (Hyman v Schwartz, 127 AD3d 1281, 1283 [2015] [internal quotation marks and citations omitted]; see Maldonado v DiBre, 140 AD3d 1501, 1505 [2016], lv denied ___ NY3d ___ [Nov. 21, 2016]).  To that end, dismissal of a complaint under CPLR 3211 (a) (1) — the sole ground upon which Supreme Court granted defendant the requested relief here — "is appropriate where the documentary evidence utterly refutes the plaintiff's . . . allegations, conclusively establishing a defense as a matter of law" (Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d 1190, 1192 [2014] [internal quotation marks, brackets and citations omitted], lv denied 23 NY3d 909 [2014]; see Maldonado v DiBre, 140 AD3d at 1505; Ganje v Yusuf, 133 AD3d 954, 956 [2015]; Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1207 [2014]).  In this regard, "it is clear that judicial records, as well as . . . any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2010] [internal quotation marks and citation omitted]; see Ganje v Yusuf, 133 AD3d at 956-957).

---

[3]   In the interim, Town Court denied plaintiff's motion to stay the warrant of eviction, and plaintiff was evicted from the premises in May 2014.

[4]   According to counsel for defendant, the subject premises were sold to plaintiff in January 2015.

The crux of plaintiff's argument upon appeal is that he satisfied the only portion of the parties' 2013 open court stipulation of settlement directly pertaining to the preconditions that he had to fulfill in order to purchase the subject premises and, therefore, defendant has no defense to his subsequent failure to convey the property. The flaw in plaintiff's argument on this point lies in his piecemeal reading of the parties' agreement. Stipulations of settlement are subject to the same well-settled principles that govern the interpretation of a contract (see H.K.S. Hunt Club v Town of Claverack, 222 AD2d 769, 769 [1995], lv denied 89 NY2d 804 [1996]; Matter of Frye v Brown, 189 AD2d 1031, 1033 [1993]) — namely, to construe the agreement in accordance with the parties' intent, which may "be gleaned not only from the literal language of the agreement, but also from whatever reasonably may be implied therefrom" (Matter of Frye v Brown, 189 AD2d at 1033; accord Matter of Shatraw, 66 AD3d 1293, 1294 [2009]; see Vega v Papaleo, 119 AD3d 1139, 1139 [2014]), and to read the agreement as a whole — avoiding a construction that would render any provision thereof meaningless (see Maldonado v DiBre, 140 AD3d at 1506).

Applying these principles to the stipulation before us, it is readily apparent that the provisions of the stipulation governing defendant's and his siblings' access to the premises for the purpose of inventorying, appraising and earmarking decedent's personal property were part and parcel of the parties' global agreement relative to plaintiff's purchase of the property and the proposed settlement of the proceeding and disputes then pending in Town Court. Indeed, counsel for plaintiff indicated at the outset that the stipulation had been reached "with the understanding that the parties agree[d] to be bound by all the terms that [were] put on the record" (emphasis added) — not just those provisions directly governing plaintiff's planned purchase of the property. Further, a plain reading of the parties' agreement makes clear that plaintiff's anticipated and otherwise exclusive use and possession "of the real estate involved" was subject to the provisions embodied in "the rest of the stipulation[]," which included plaintiff's obligation to allow access to the premises for the purpose of inventorying and appraising decedent's personal property — specifically, to permit

plaintiff's siblings "access to the premises at the same time as the appraiser to identify those items which they would like to acquire from the estate," as well as to afford them subsequent access to the premises "at a duly appointed time, on reasonable notice to [plaintiff]." Finally, there is no question that the judgment and warrant of eviction issued by Town Court in favor of defendant would not be vacated until "all the conditions laid before the court" had been satisfied (emphasis added).

Simply put, plaintiff's strained and selective interpretation of the parties' stipulation, whereby defendant would be compelled to convey the property to plaintiff despite plaintiff's admitted failure to permit his siblings access thereto, does not comport with the terms of the parties' agreement as a whole (see e.g. H.K.S. Hunt Club v Town of Claverack, 222 AD2d at 770), which clearly evidences the parties' intent to reach an integrated resolution of the disputes then pending between them. Further, adopting plaintiff's construction of the agreement would render meaningless the provisions thereof outlining the circumstances under which the judgment and warrant of eviction would be vacated, as Town Court plainly would be unable to evict the fee owner of the premises. Finally, plaintiff's attempts to justify or excuse his conduct are, in our view, insufficient to create an ambiguity in the stipulation where one does not otherwise exist. In short, inasmuch as defendant's documentary evidence conclusively established that plaintiff failed to comply with all of the terms and conditions set forth in the parties' 2013 stipulation of settlement, Supreme Court properly granted defendant's motion to dismiss pursuant to CPLR 3211 (a) (1). In light of this conclusion, we need not consider defendant's alternative grounds for affirmance, and plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court