Aarons, J.
 

 Appeals (1) from an order of the Supreme Court (Chauvin, J.), entered July 19, 2016 in Saratoga County, which, in action No. 1, among other things, granted motions by defendants M&T Bank and Lake Avenue Plaza, LLC to dismiss the amended complaint against them, and (2) from two orders of said court, entered August 3, 2016 and August 30, 2016 in Saratoga County, which, in action No. 2, among other things, granted motions by third-party defendants to dismiss the amended third-party complaint.
 

 MLB Construction Services, LLC and Lake Avenue Plaza, LLC entered into a construction agreement in connection with a project to construct a hotel in Saratoga County. MLB served as the general contractor and Lake Avenue was the project owner. Lake Avenue and M&T Bank entered into a business loan agreement (hereinafter the BLA) wherein M&T agreed to finance the construction project. After Lake Avenue failed to make certain payments due to MLB, MLB commenced action No. 1 against Lake Avenue and M&T, among others. Although other named defendants interposed their respective answers with counterclaims against MLB, both Lake Avenue and M&T moved via separate pre-answer motions to dismiss the complaint. Before the pre-answer motions were decided, however, MLB filed an amended complaint. Lake Avenue thereafter made another pre-answer motion to dismiss the amended complaint. In a November 2015 order, Supreme Court, among other things, partially granted Lake Avenue’s motion by dismissing six claims. Supreme Court also denied M&T’s pre-answer motion without prejudice to submit a new one in light of MLB’s amended complaint. M&T thereafter moved to dismiss the amended complaint, as well as various “cross claims” asserted against M&T by MLB in its separate replies to the counterclaims alleged by the other named defendants. Lake Avenue cross-moved to dismiss MLB’s “cross claims” asserted against it.
 
 [1]
 
 By order entered July 19, 2016, Supreme Court granted M&T’s motion and Lake Avenue’s cross motion.
 

 In action No. 2, A.E. Rosen Electrical Co., Inc. commenced an action against MLB, alleging breach of the subcontract executed between them. MLB thereafter commenced a third-party action against M&T and Lake Avenue. Both M&T and Lake Avenue separately moved to dismiss the amended third-party complaint. By orders entered August 3, 2016 and August 30, 2016, Supreme Court, among other things, granted M&T’s and Lake Avenue’s motions. MLB now appeals from all three orders.
 
 [2]
 
 We affirm.
 

 When assessing a CPLR 3211 motion to dismiss, “the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide [the] plaintiff the benefit of every possible inference” (Crepin v Fogarty, 59 AD3d 837, 838 [2009] [internal quotation marks and citation omitted]; see Trump on the Ocean, LLC v State of New York, 79 AD3d 1325, 1326 [2010], lv dismissed and denied 17 NY3d 770 [2011]). A motion to dismiss under CPLR 3211 (a) (1) may be granted where “the documentary evidence utterly refutes [the] plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Jenkins v Jenkins, 145 AD3d 1231, 1234 [2016]).
 

 With respect to MLB’s cause of action that M&T breached the BLA, we conclude that Supreme Court properly dismissed such claim because the documentary evidence utterly refutes it. A review of the BLA confirms that MLB was not a party to it. Rather, the BLA was entered into solely between M&T and Lake Avenue. Nor does the amended complaint allege that MLB was a party to the BLA. Because MLB was a nonparty to the BLA, it cannot maintain a breach of contract cause of action against M&T (see Jacobs v Mazzei, 112 AD3d 1115, 1118 [2013], lv dismissed 22 NY3d 1172 [2014]; Borman v Purvis, 299 AD2d 615, 616 [2002]). To the extent that MLB claims third-party beneficiary status, such claim is without merit (see IMS Engrs.-Architects, PC. v State of New York, 51 AD3d 1355, 1357 [2008], lv denied 11 NY3d 706 [2008]; Howard Sav. Bank v Lefcon Partnership, 209 AD2d 473, 476 [1994], lv dismissed 86 NY2d 837 [1995]; Lake Placid Club Attached Lodges v Elizabethtown Bldrs., 131 AD2d 159, 161-162 [1987]).
 

 We reject MLB’s reliance on the contractor’s consent. The amended complaint alleged that the execution of the BLA between M&T and Lake Avenue was induced and contingent upon MLB’s execution of the contractor’s consent. While MLB contends that a tripartite relationship was thus created, we disagree inasmuch as the contractor’s consent specifically stated that “[MLB] acknowledges that [M&T] is obligated under the [BLA] only to [Lake Avenue] and to no other person or entity.” MLB’s argument that the breach of the BLA claim survives because of a functional equivalent of privity is raised for the first time on appeal and, therefore, unpreserved for our review (see Malta Props. 1, LLC v Town of Malta, 143 AD3d 1142, 1144 n [2016]; Liere v State of New York, 123 AD3d 1323, 1324 [2014]).
 

 For similar reasons, MLB’s contention that M&T owed it a special duty so as to support the cause of action for negligent breach of the BLA is unpreserved. More critically, “there is no cause of action for negligent performance of a contract” (Kyer v Ravena-Coeymans-Selkirk Cent. Sch. Dist., 144 AD3d 1260, 1261 [2016] [internal quotation marks and citation omitted]). As such, the cause of action alleging that M&T negligently breached the BLA was properly dismissed.
 

 Finally, we find no error in Supreme Court’s dismissal of MLB’s various “cross claims” that were alleged in MLB’s separate replies to the counterclaims asserted by the other named defendants. The assertion of affirmative causes of action in a reply to a counterclaim is procedurally improper (see DeMille v DeMille, 5 Misc 3d 355, 360-361 [2004], affd as mod 32 AD3d 411 [2006], lv dismissed 7 NY3d 899 [2006]; see generally CPLR 3011). Accordingly, M&T’s motion and Lake Avenue’s cross motion to dismiss these “cross claims” were properly granted.
 

 Peters, P.J., Garry, Devine and Clark, JJ., concur.
 

 Ordered that the orders are affirmed, with one bill of costs.
 

 [1]
 

 . MLB’s self-denominated “cross claims” were alleged after M&T moved to dismiss the complaint and Lake Avenue moved to dismiss the amended complaint.
 

 [2]
 

 . In its appellate brief, MLB failed to address the dismissal of the Lien Law cause of action in the July 2016 order or the dismissal of the amended third-party complaint in the August 3, 2016 order and the August 30, 2016 order. Accordingly, MLB has abandoned any challenge thereto (see Casey v State of New York, 148 AD3d 1370, 1372 n 2 [2017]; CGM Constr., Inc. v Sydor, 144 AD3d 1434, 1435 n [2016]).