Landau v Hallstead (2018 NY Slip Op 01373)





Landau v Hallstead


2018 NY Slip Op 01373


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525211

[*1]ISIDOR LANDAU, Respondent,
v
LAWRENCE HALLSTEAD et al., Defendants, and LONG ISLAND INVESTMENTS, LLC, et al., Appellants.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


The Law Offices of Christopher Thompson, West Islip (Christopher Thompson of counsel), for appellants.
McCabe & Mack, LLP, Poughkeepsie (Lance Portman of counsel), for respondent.




MEMORANDUM AND ORDER
Aarons
, J.
Appeals (1) from an order of the Supreme Court (Mott, J.), entered September 6, 2016 in Ulster County, which, among other things, granted plaintiff's motion for a judgment of foreclosure and sale, and (2) from the judgment entered thereon.
In October 2001, defendants Lawrence Hallstead, Formal, Inc. and Robert L. Blake, Inc. (hereinafter collectively referred to as the mortgagors) executed a mortgage in favor of James Relyea that was secured by real property in the Town of Ulster,
Ulster County. The mortgage was a subordinate mortgage on the premises and provided, among other things, that a $500 fee would be imposed for each late monthly payment due. After bankruptcy proceedings ensued, the property was conveyed in 2009 to defendants Long Island Investments, LLC and Island Properties & Associates, LLC (hereinafter collectively referred to as defendants), among others.
The subordinate mortgage was eventually assigned to plaintiff and, in February 2014, plaintiff commenced this mortgage foreclosure action against defendants and the mortgagors, among others. Plaintiff alleged that the mortgagors failed to make payments due by February 2008 and in the months thereafter. Defendants and the mortgagors separately moved to dismiss [*2]the complaint on the basis that it was barred by the applicable statute of limitations. Supreme Court denied the motion. Plaintiff thereafter moved for summary judgment and for an order of reference. Defendants cross-moved for summary judgment seeking, among other things, a determination that plaintiff was not entitled to collect late fees under the subordinate note and mortgage. In a May 2015 order, Supreme Court granted plaintiff's motion and denied defendants' cross motion. Supreme Court thereafter issued an order of reference appointing a referee to compute the amount due. The referee filed a report in March 2016 calculating, among other things, late fees in the amount of $31,000. Plaintiff moved for a judgment of foreclosure and sale, which defendants opposed. In a September 2016 order, Supreme Court granted the motion and a judgment was subsequently entered thereon. Defendants appeal.
Initially, we reject plaintiff's reliance on the law of the case doctrine. In the May 2015 order, Supreme Court found that defendants lacked standing to challenge whether late fees could be imposed because they were not parties to the note and mortgage. In the September 2016 order, Supreme Court employed the same rationale. Plaintiff urges that the law of the case doctrine precludes defendants from contesting Supreme Court's lack of standing determination given that no appeal from the May 2015 order was taken. Such doctrine, however, does not apply given that a trial-level decision is not binding upon an appellate court (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]), and we have not yet passed judgment on the issue raised herein by defendants.
Turning to the merits, in opposing plaintiff's motion for a judgment of foreclosure and sale, defendants contended that they were not provided with notice of a hearing under CPLR 4313 to contest the referee's calculations, specifically whether the monthly late fee of $500 constituted an impermissible penalty. We agree with defendants that they were not given the requisite notice and further conclude that they have standing to contest any purportedly incorrect calculations by the referee (see Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1286 [2007]; see generally CPLR 4313). Notwithstanding the foregoing, however, in light of the particular objections raised by defendants, which concern the subordinate note and mortgage and not the referee's calculations, any error in failing to provide them with notice of a hearing was harmless (see Shultis v Woodstock Land Dev. Assocs., 195 AD2d 677, 678 [1993]).
Defendants assert that the $500 monthly late fee was an excessive penalty especially when considering that the initial payments due were only $300 per month, the ultimate late fee charge as calculated by the referee amounted to $31,000 and the total loan was only $45,000. Defendants, however, took the property subject to the subordinate note and mortgage. Moreover, they are not parties to the subordinate note and mortgage, i.e., the contractual documents stating that plaintiff was entitled to an additional fee of $500 for each overdue monthly payment. Given defendants' status as nonparties to the subordinate note and mortgage, they cannot challenge the negotiated and bargained for terms and conditions therein, such as the $500 monthly late fee (cf. U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 105 AD3d 639, 640 [2013], lv denied 22 NY3d 863 [2014]; see generally MLB Constr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 985 [2017]). Furthermore, contrary to defendants' argument, the mere fact that they are necessary parties to this foreclosure action does not grant them the right to contest provisions of an agreement to which they are not parties.
Defendants also contend that plaintiff is not entitled to late fees because the loan matured in December 2006 when the debt was accelerated and the subordinate note and mortgage did not provide for late fees after acceleration of the debt. This argument, however, is improperly raised for the first time on appeal (see Piller v Tribeca Dev. Group LLC, 156 AD3d 1257, 1262 n 5 [2017]). When cross-moving for summary judgment for a determination that [*3]plaintiff was not entitled to late fees, defendants argued that late fees were not available once the debt was accelerated in February 2008, which was when no more payments under the subordinate note and mortgage were made. We further note that in opposing plaintiff's motion for a judgment of foreclosure and sale, defendants merely argued that the $500 amount as a late fee was an excessive penalty and did not mention anything about whether the calculated late fees constituted post-debt acceleration late fees. In any event, our review of the record discloses that, contrary to either of defendants' assertions, the debt was accelerated in February 2014, when plaintiff commenced this action. Defendants' remaining contentions, to the extent that they are properly before us, have been examined and lack merit.
Egan Jr., J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order and judgment are affirmed, with costs.