Koziatek v SJB Dev. Inc. (2019 NY Slip Op 03419)





Koziatek v SJB Dev. Inc.


2019 NY Slip Op 03419


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526583

[*1]STANLEY F. KOZIATEK et al., Appellants,
v
SJB DEVELOPMENT INC., Respondent.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Welch & Zink, Corning (Jeff N. Evans of counsel), for appellants.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (O'Shea, J.), entered September 27, 2017 in Chemung County, which granted defendant's motion to dismiss the complaint.
In 1987, plaintiffs purchased a parcel of real property on which
they constructed a car wash. Defendant is an adjoining property owner. In 2017, after a dispute between the parties, plaintiffs commenced this action pursuant to RPAPL article 15 seeking to establish a prescriptive easement in a 30-foot-wide right-of-way, which plaintiffs have used for ingress and egress to the car wash, over the northern portion of defendant's property and, incident thereto, requested a preliminary injunction. Defendant opposed the request for injunctive relief and subsequently moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). After a hearing, Supreme Court issued an order denying plaintiffs' request for a preliminary injunction and, at the end of that order, noted a return date for defendant's motion to dismiss. Plaintiffs, however, did not timely file a response to the motion to dismiss and the court subsequently issued a decision and order granting the motion based solely upon documentary evidence, pursuant to CPLR 3211 (a) (1)[FN1]. Plaintiffs appeal, and we reverse.
"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint as barred by documentary evidence may be properly granted only if the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity" (Calhoun v Midrox Ins. Co., 165 AD3d 1450, 1450 [2018] [internal quotation marks, brackets and citations omitted]; see Doller v Prescott, 167 AD3d 1298, 1299 [2018]). "Materials that clearly qualify as documentary evidence include documents reflecting out-of-court transactions such as mortgages, deed, contracts, and any other papers, the contents of which [*2]are essentially undeniable" (Ganje v Yusuf, 133 AD3d 954, 956-957 [2015] [citations omitted]; see Midorimatsu, Inc. v Hui Fat Co., 99 AD3d 680, 682 [2012], lv dismissed 22 NY3d 1036 [2013]). Also, as relevant here, "[a] party claiming a prescriptive easement must show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Rosenzweig v Howlan, 166 AD3d 1146, 1148 [2018] [internal quotation marks and citation omitted]; see Schwengber v Hultenius, 160 AD3d 1083, 1084 [2018]).
Supreme Court, in granting defendant's motion to dismiss, relied solely on plaintiffs' verified complaint in which they admitted that, during the period of time that the right-of-way has been used by their patrons, plaintiffs were aware that defendant owned the subject property [FN2]. Accordingly, the court found that this knowledge rebutted the element of hostility and, as such, voided a necessary element of establishing a prescriptive easement. Although a complaint serves the important purpose of setting forth the plaintiff's allegations, we do not find that it is "so essentially undeniable as to qualify as documentary evidence that conclusively refutes any claim that [a] plaintiff might have" (Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011] [internal quotation marks omitted]; see Jenkins v Jenkins, 145 AD3d 1231, 1234 [2016]). Further, in a motion to dismiss pursuant to CPLR 3211, a "court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide [the] plaintiff the benefit of every possible inference" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Crepin v Fogarty, 59 AD3d 837, 838 [2009]); therefore, the complaint cannot also conclusively refute itself, which is what Supreme Court attempted to do here. As such, because the verified complaint is not documentary evidence, and this was the sole ground upon which Supreme Court granted dismissal, defendant's motion to dismiss was improperly granted (see Calhoun v Midrox Ins. Co., 165 AD3d at 1450; Doller v Prescott, 167 AD3d at 1299; Ganje v Yusuf, 133 AD3d at 956).[FN3]
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of the date of this Court's decision.



Footnotes

Footnote 1: We note that plaintiffs, who admit to inadvertently overlooking the return date listed in the order denying the preliminary injunction, requested that Supreme Court allow them an opportunity to respond to defendant's motion to dismiss, which the court denied.

Footnote 2: We are unpersuaded by defendant's assertion that the motion was granted on default because plaintiffs were not required to reply to defendant's motion (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1221 [2017], affd 31 NY3d 1090 [2018]).

Footnote 3: Although, in light of this determination, we need not address the merits, to the extent that Supreme Court based its decision upon use of the right-of-way by the public, it incorrectly applied the public use doctrine, which would not bar the claim at this juncture (see Cole v Rothe, 18 AD3d 1058, 1059-1060 [2005]).