Zeppieri v Vinson (2021 NY Slip Op 00348)





Zeppieri v Vinson


2021 NY Slip Op 00348


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

530853

[*1]Thomas J. Zeppieri et al., Appellants,
v
Jessica Hugabone Vinson et al., Respondents.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Towne, Ryan & Partners, PC, Albany (Jessica Rounds of counsel), for appellants.
Furman Kornfeld & Brennan LLP, New York City (A. Michael Furman of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (McGrath, J.), entered September 12, 2019 in Rensselaer County, which granted defendants' motion to dismiss the amended complaint.
Plaintiff Thomas J. Zeppieri is the Chief Executive Officer of plaintiff Adirondack Entertainment and Recreation, Inc. Defendant Jessica Hugabone Vinson is an attorney employed by defendant Barlett, Pontiff, Stewart & Rhodes, P.C. Plaintiffs retained defendants to represent them against Adirondack Lakeview, LLC and The Fort Henry Corp. (hereinafter collectively referred to as Adirondack Lakeview) in a property boundary dispute (hereinafter the underlying action). In the underlying action, Adirondack Lakeview alleged causes of action contending encroachment and trespass. Defendants, on plaintiffs' behalf, answered and asserted counterclaims for adverse possession and a prescriptive easement. Following a trial in the underlying action, Supreme Court (Muller, J.), by order dated July 3, 2018, found plaintiffs liable for encroachment and trespass and dismissed plaintiffs' counterclaims as meritless.
Thereafter, plaintiffs commenced this action for legal malpractice. The primary contention in the amended complaint was that Vinson failed to object to inadmissible hearsay testimony by Robert F. Flacke, Adirondack Lakeview's president, and that such testimony destroyed their counterclaims for adverse possession and easement by prescription. Defendants moved, pre-answer, to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and 3013, arguing, among other things, that plaintiffs' claims were vague, conclusory and otherwise refuted by documentary evidence. Supreme Court (McGrath, J.) found that the July 2018 order constituted documentary evidence that directly refuted plaintiffs' primary allegation of malpractice and that the remaining allegations were conclusory. As such, Supreme Court granted defendants' motion to dismiss the amended complaint. Plaintiffs appeal arguing that Supreme Court erred in relying on impermissible documentary evidence.
To recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages. To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks and citations omitted]; see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219-1220 [2017], affd 31 NY3d 1090 [2018]). When determining whether a complaint fails to state a cause of action, "the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide the plaintiff the benefit of every possible inference" (MLB Constr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 984 [2017] [internal quotation marks, brackets and citations omitted]; see Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1228 [2016]). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Myers v Schneiderman, 30 NY3d 1, 11 [2017] [internal quotation marks and citations omitted]; see Wisdom v Reoco, LLC, 162 AD3d 1380, 1381 [2018]).
"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint as barred by documentary evidence may be properly granted only if the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity" (Koziatek v SJB Dev. Inc., 172 AD3d 1486, 1486 [2019] [internal quotation marks and citations omitted]). "[I]t is clear that judicial records, as well as . . . any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Jenkins v Jenkins, 145 AD3d 1231, 1234 [2016] [internal quotation marks and citations omitted]; see Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159 [2019] [internal quotation marks, brackets and citation omitted]).[FN1]
In support of their motion, defendants submitted the July 2018 order, the transcript of the bench trial and an email that had been accepted into evidence. The July 2018 order clearly qualifies as documentary evidence. As Supreme Court observed, the July 2018 order "refutes plaintiffs' primary contention that defendants' failure to object to Flacke's testimony was the proximate cause of plaintiffs' damages." Where Supreme Court specifically states that its order is based on the decision from the underlying action, we find ourselves with "the proper case" in which a judicial record qualifies as appropriate documentary evidence sufficient to defeat the action (Jenkins v Jenkins, 145 AD3d at 1234). Moreover, even if the court also relied on the underlying transcript, contrary to plaintiff's contention, there is no per se prohibition on said reliance, where, as here, the contents of the transcript are undeniable (see Tyree v Castrovinci, 164 AD3d 1399, 1400 [2018]). We agree that Supreme Court properly granted defendants' motion to dismiss the amended complaint based upon documentary evidence (see Ganje v Yusuf, 133 AD3d 954, 957 [2015]; Doller v Prescott, 167 AD3d 1298, 1300 [2018]). Given our finding, the remainder of plaintiffs' arguments are academic.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiffs contend that this Court's decision in Carr v Wegmans Food Mkts., Inc. (182 AD3d 667 [2020]) limits what may be considered as documentary evidence. This is an overly broad interpretation and mischaracterization of the case. Although Carr does state that documentary evidence is quite limited, and specifies certain documents that qualify, those listed are illustrative rather than restrictive. The determinative factor remains whether the contents of the documentary evidence is "essentially undeniable" (Jenkins v Jenkins, 145 AD3d at 1234 [internal quotation marks and citations omitted]).