■ The PEOPLE OF THE STATE OF NEW YORK ex rel. LENNON HUGHES, Respondent, v BRUCE S. YELICH, as Superintendent of Bare Hill Correctional Facility, Appellant. [886 NYS2d 515]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 7, 2008 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

In May 2002, petitioner was sentenced as a second felony offender to five years in prison followed by five years of post-release supervision upon his conviction of sexual abuse in the first degree and a one-year term for his conviction of endangering the welfare of a child. Although the commitment order directed that such terms would run concurrently with each other, no mention was made of whether these sentences were to run consecutively to or concurrently with petitioner's prior undischarged prison term. The Department of Correctional Services thereafter calculated petitioner's 2002 sentences as running consecutively to his prior undischarged term, prompting petitioner to commence this CPLR article 70 proceeding to challenge that computation and the legality of his continued incarceration. Supreme Court granted petitioner's application

and ordered that petitioner be released to begin serving his period of postrelease supervision. This appeal by respondent ensued.

Preliminarily, although petitioner's maximum expiration date has passed, this matter is not moot because the challenged sentencing calculations affect the expiration date of petitioner's period of postrelease supervision. Accordingly, we will consider this matter as a proceeding pursuant to CPLR article 78 and reach the merits (*see* CPLR 103 [c]; *People ex rel. Berman v Artus*, 63 AD3d 1436 [2009]). To that end, where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009]; *People ex rel. Nadal v Rivera*, 63 AD3d 1434 [2009]; *People ex rel. Lopez v Yelich*, 63 AD3d 1433 [2009]; *People ex rel. Driscoll v LaClair*, 63 AD3d 1364 [2009]). As there is no dispute that petitioner was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see Matter of Grey v Fischer*, 63 AD3d 1431 [2009]; *People ex rel. Taylor v Brown*, 62 AD3d 1063, 1064 [2009]). Accordingly, Supreme Court's judgment is reversed and the petition is dismissed.

Rose, J.P., Kane, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.