Lahtinen, J.E
Appeal from an order of the Supreme Court (O’Shea, J), entered July 25, 2012 in Chemung County, which denied defendants’ motions to dismiss the amended complaint.
Nancy M. Christofaro (hereinafter decedent) died at age 90 in October 2009. Plaintiffs are decedent’s children and grandchildren, and they are beneficiaries under her August 2007 will. That will was prepared by defendant Mary Iocovozzi, an attorney who is decedent’s niece, and it named as executor defendant Violet DiMaggio, who is decedent’s sister. Although an estate proceeding was pending in Surrogate’s Court, plaintiffs commenced this action in Supreme Court in February 2012 alleging misappropriation of decedent’s assets by, among other things, deceit, fraud and undue influence by both defendants, and a separate cause of action for breach of fiduciary duty by DiMaggio.[1] In essence, plaintiffs claim that defendants improperly influenced and misled decedent to make a series of financial transactions between about August 2007 and November 2008 that benefitted defendants (and their immediate families) financially by nearly $600,000, thus depleting much of decedent’s estate to the detriment of plaintiffs. Defendants each made pre-answer motions to dismiss the complaint. Supreme Court denied the motions and defendants appeal.
Defendants argue that the amended complaint[2] fails to state a cause of action. “Courts considering a motion to dismiss a complaint for failure to state a cause of action must liberally construe the pleadings, accept the facts alleged in the complaint as true, give plaintiffs the benefit of every possible favorable inference, and determine whether the alleged facts fit within any cognizable legal theory” (ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 930 [2012] [citation omitted]; see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 227 [2011]). Initially, we note that, absent extraordinary circumstances, beneficiaries of an estate generally do not have a right to bring an action seeking to recoup property for the estate since that role belongs to the executor (see McQuaide v Perot, 223 NY 75, 79-80 [1918]; Schoeps v Andrew Lloyd Webber Art *1044 Found., 66 AD3d 137, 140-141 [2009]). However, such extraordinary circumstances may be implicated where the executor is allegedly directly involved in purported egregious conduct and self-dealing that negatively impacts the potential assets of the estate (see McQuaide v Perot, 223 NY at 79-80; Inman v Inman, 97 AD2d 864, 864 [1983]; see generally Matter of Van Patten, 190 AD2d 322, 326 [1993]; Lefkowitz v Bank of New York, 2003 WL 22480049, *6, 2003 US Dist LEXIS 19520, *20 [SDNY 2003], affd in part, read in part 528 F3d 102 [2007]). When asserting conduct involving fraud or undue influence, the complaint must set forth in detail the circumstances constituting the wrong (see CPLR 3016 [b]; Sargiss v Magarelli, 12 NY3d 527, 530 [2009]).
Plaintiffs’ amended complaint sets forth a series of purported acts by defendants occurring during the last two years of decedent’s life when she was allegedly suffering from cancer and depression. Among other things, defendants allegedly induced decedent to give DiMaggio power of attorney by telling decedent that she would retain control over her accounts, but then used the power of attorney to withdraw funds, modify ownership interest, and change beneficiaries on accounts. Plaintiffs contend that defendants convinced decedent to cash about $360,000 in United States savings bonds by informing her it was illegal to continue to hold the bonds and that the government would take all her money. Most of that money was moved into a trust that defendants allegedly falsely informed decedent would benefit her descendants when proceeds of the trust actually went to defendants and their families. Plaintiffs further assert that DiMaggio, who was substituted for decedent’s daughter as executor when decedent executed a new will in 2007, neglected to make an effort to recover funds inappropriately diverted from the estate.
As noted by Supreme Court, plaintiffs may face significant challenges in producing admissible proof supporting their various allegations; nonetheless, whether “plaintiffis] can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011]). According the benefit of every possible favorable inference to plaintiffs, their pleadings set forth a claim that may fall within the extraordinary circumstances necessary for beneficiaries to bring an action that generally can only be brought by the executor. And, in such capacity, their allegations in the first cause of action include sufficient detail to state a cognizable claim as to both defendants for the narrow purpose of defeating the motion *1045 to dismiss for failure to state a cause of action. Similarly, the allegations are sufficient regarding the second cause of1 action, which are alleged solely as to DiMaggio. The remaining arguments have been considered and are unpersuasive.
McCarthy, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, with costs.

. While Supreme Court listed in its decision some of the various proceedings that have occurred before it and Surrogate’s Court, the record provides little other information about such matters. Issues, if any, regarding pursuing litigation in both courts is not before us in this appeal, which involves the narrow issue of whether plaintiffs have stated a cause of action.

. The amended complaint, which was filed after the motion and superceded the original complaint, was addressed jointly with the original complaint by Supreme Court.