Matter of Radio Drama Network, Inc. (2020 NY Slip Op 05704)





Matter of Radio Drama Network, Inc.


2020 NY Slip Op 05704


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


File No. 2010-2056/A Appeal No. 12025 Case No. 2019-03428 

[*1]In re Radio Drama Network, Inc., Seeking Relief Regarding the Himan Brown Revocable Trust created by Himan Brown, Grantor.
Radio Drama Network, Inc., Petitioner-Respondent,
Richard L. Kay, Respondent-Appellant, Attorney General of the State of New York, Respondent.


Greenfield Stein & Senior, LLP, New York (Gary B. Freidman of counsel), for appellant.
Carter Ledyard & Milburn LLP, New York (Gary D. Sesser of counsel), for respondent.



Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered July 15, 2019, to the extent that it denied respondent-respondent Richard L. Kay's CPLR 3211(a)(7) and 3211(a)(5) motion to dismiss, unanimously modified, on the law, to dismiss the claims seeking compensatory and punitive damages, and otherwise affirmed, without costs.
The Surrogate's Court properly denied Kay's motion to dismiss, on statute of limitations grounds (CPLR 3211[a][5]), the claims of fraud, fraudulent inducement, undue influence, unjust enrichment, and the claim seeking a constructive trust. The Surrogate's Court correctly reasoned that the causes of action, all of which involved challenges to the validity of certain provisions of a revocable trust, accrued, and thus the statute of limitations clock began to run, upon the grantor Himan Brown's death, since petitioner-respondent Radio Drama Network, Inc. (Radio Drama) could not demonstrate any injury to its interest in the revocable trust, which could be amended during the grantor Brown's lifetime, until Brown's death. Radio Drama thus gained standing to contest the revocable instrument only after Brown's death (CPLR 203[a]; 213[1], 213[8]; Matter of Davidson, 177 Misc2d 928 [Surrogate's Ct, NY County 1998] ; see also Matter of Kosmo Family Trust, 61 Misc 3d 1224[A] [Surrogate's Ct, Albany County 2018], appealdismissed 176 AD3d 1465 [3d Dept 2019]).
The Surrogate's Court properly denied the motion to dismiss and rejected Kay's argument that Radio Drama's claims amount to claims for tortious interference with prospective inheritance, which is not a cognizable claim in New York (Vogt v Witmeyer, 87 NY2d 998, 999 [1996]; Hutchins v Hutchins, 7 Hill 104, 109 [Sup Ct 1845]). Radio Drama has adequately pleaded that Kay, by fraud, fraudulent concealment and undue influence, tricked Himan into making changes to the revocable trust that favored Kay, to petitioner's detriment, and seeks imposition of a constructive trust, among other forms of equitable relief (Latham v Father Divine, 299 NY 22, 29 [1949]). To the extent these
claims seek compensatory and punitive damages, however, they are dismissed (Hutchins v Hutchins, 7 Hill at 109).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020