Matter of Lewis v Annucci (2021 NY Slip Op 02033)





Matter of Lewis v Annucci


2021 NY Slip Op 02033


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531173

[*1]In the Matter of Julio Lewis, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 5, 2021

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


Julio Lewis, Rome, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hartman, J.), entered December 24, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's sentence.
Petitioner was convicted of attempted murder in the second degree and, in October 2009, was sentenced to 10 years in prison, followed by five years of postrelease supervision. He was subsequently transferred to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) and his maximum expiration date was set as July 19, 2018. On March 16, 2017, he was released from custody and began serving his period of postrelease supervision, with the time remaining on his 10-year prison term (one year, four months and three days) held in abeyance (see Penal Law § 70.45 [5] [a], [b]).
Thereafter, police investigators discovered that, while on release, petitioner was involved in a large drug distribution network. He was arrested on April 11, 2018 and charged with additional crimes. He eventually pleaded guilty to attempted criminal possession of a controlled substance in the third degree. On October 17, 2018, he was sentenced as a second felony offender to 3½ years in prison, followed by three years of postrelease supervision.[FN1] In addition, petitioner's release was revoked and the Board of Parole issued a final declaration of delinquency establishing May 19, 2017, the date that petitioner committed the new offense as reflected in the uniform sentence and commitment form, as the date of delinquency.[FN2]
On October 19, 2018, petitioner was returned to DOCCS's custody and his sentence was recalculated. In determining petitioner's new maximum expiration date, DOCCS added the time held in abeyance on his 2009 sentence to the 2018 sentence and, after subtracting his jail time credit for the time spent in custody following his April 11, 2018 arrest through October 19, 2018, determined that petitioner's maximum expiration date was February 9, 2023. In addition, DOCCS determined that petitioner had four years, nine months and 27 days remaining on the period of postrelease supervision, as he was released on March 16, 2017 and was declared delinquent as of May 19, 2017.[FN3] Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the sentence calculation. Following joinder of issue, Supreme Court dismissed the petition. This appeal by petitioner ensued.
Petitioner contends, among other things, that DOCCS improperly utilized May 19, 2017 as the date of delinquency for the purpose of crediting the amount of postrelease supervision that he served in recalculating his sentence. He asserts that, pursuant to Directive No. 9070, DOCCS should have utilized October 17, 2018, the date that he was sentenced, as the date of delinquency and given him credit for having served his period of postrelease supervision from [*2]March 16, 2017 through October 17, 2018. We find petitioner's argument to be without merit. Under the Board's regulations, "[t]he date of delinquency is the earliest date that a violation of parole is alleged to have occurred" and, "when issued, interrupts the sentence as of the date of delinquency" (9 NYCRR 8004.3 [b]). Petitioner's crime was discovered during an extensive police investigation into a drug distribution network and, according to the uniform sentence and commitment form, was committed on May 19, 2017. Although petitioner pleaded guilty and was sentenced after this date, May 19, 2017 was the earliest date that petitioner allegedly violated his postrelease supervision. Contrary to petitioner's claim, there is nothing in Directive No. 9070 that suggests that the sentencing date is the appropriate delinquency date, as the directive provides that the delinquency date is based on "the offense date of the new conviction unless there has been a sustained violation between the offense date and the sentence date of the new conviction" (Dept of Corr & Community Supervision Directive No. 9070 IV [A] [2] [a]). Here, there is no evidence of a sustained violation between these two dates. Accordingly, DOCCS properly utilized May 19, 2017 as the date of delinquency in calculating the period of postrelease supervision that petitioner had left to serve. Petitioner's reliance on Matter of Lewis v Holford (168 AD3d 1303, 1305 [2019]) is misplaced as that case is factually distinguishable and does not compel a contrary conclusion. We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit. Therefore, we find no reason to disturb the sentence calculation.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: By operation of law, this sentence ran consecutively to petitioner's 2009 sentence (see Penal Law § 70.25 [2-a]; People ex rel. Gill v Greene, 12 NY3d 1, 5-6 [2009], cert denied sub nom. Gill v Rock, 558 US 837 [2009])

Footnote 2: Petitioner's parole was revoked by operation of law based on his new felony conviction (see Executive Law § 259-i [3] [d] [iii]; People ex rel. Harris v Sullivan, 74 NY2d 305, 308 [1989]).

Footnote 3: Although a three-year period of postrelease supervision was imposed as part of his 2018 sentence, the longer period, which was the five-year period imposed as part of his 2009 sentence, is controlling (see Penal Law § 70.45 [5] [c]).