Matter of Lewis v Dagostino (2021 NY Slip Op 06414)





Matter of Lewis v Dagostino


2021 NY Slip Op 06414


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532418
[*1]In the Matter of Julio Lewis, Appellant-Respondent,
v
Dominic A. Dagostino, as Sheriff of Schenectady County, Respondent-Appellant.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Julio Lewis, Malone, appellant-respondent pro se.
Goldberg Segalla, LLP, Albany (Thomas P. Armstrong of counsel), for respondent-appellant.



Aarons, J.
Cross appeals from a judgment of the Supreme Court (Cuevas, J.), entered September 28, 2020 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In 2009, petitioner was convicted of attempted murder in the second degree and sentenced to a 10-year prison term to be followed by five years of postrelease supervision (hereinafter PRS). On December 1, 2009, petitioner was transferred from the Schenectady County Jail (hereinafter SCJ) to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) to begin serving that sentence. Respondent issued a "sentence & commitment, statement of conviction" certifying that petitioner was entitled to 496 days of jail time credit for the time that he spent in SCJ from July 24, 2008 until his transfer to DOCCS's custody on December 1, 2009.[FN1] Petitioner commenced this proceeding in February 2020 pursuant to CPLR article 78 [FN2] contending that respondent erred in calculating his jail time credit. Specifically, he argued that he was in custody on July 23, 2008 and is, therefore, entitled to one more day, or a total of 497 days, of jail time credit. After respondent moved to dismiss on several grounds, petitioner served a reply and respondent was permitted to serve a sur-reply. Supreme Court granted the motion to dismiss. Petitioner appeals and respondent cross appeals.
Initially, respondent's cross appeal must be dismissed as he is not aggrieved by the judgment on appeal, which granted his motion to dismiss. His arguments, however, may be considered as alternative grounds for affirmance of the judgment (see CPLR 5511; Matter of Village Green Hollow, LLC v Assessor of Town of Mamakating, 145 AD3d 1134, 1135 n 2 [2016]; Matter of Maldonado v DiBre, 140 AD3d 1501, 1503 n 3 [2016], lv denied 28 NY3d 908 [2016]). Contrary to respondent's contention, this matter is not moot based upon petitioner's release from DOCCS's custody in March 2017 to begin serving his five-year period of PRS. Upon his release to PRS, petitioner was convicted of another crime and returned to DOCCS's custody, and the time that had been held in abeyance on his 2009 sentence [FN3] was added to that later sentence and affected the calculation of his maximum expiration date (see Matter of Lewis v Annucci, 193 AD3d 1145, 1146 [2021]). As the challenged calculation of jail time credit affects the expiration date of petitioner's sentences and PRS period, this matter is not moot (see Matter of Gonzalez v Annucci, 149 AD3d 256, 260 [2017], affd 32 NY3d 461 [2018]; People ex rel. Hughes v Yelich, 66 AD3d 1102, 1103 [2009]).
Supreme Court properly dismissed the petition.[FN4]
On a CPLR 3211 motion to dismiss, "we must accept the facts as alleged in the [petition] as true [and] accord [petitioner] the benefit of every possible favorable inference" (Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 105-106 [2018] [internal citation and quotation marks omitted[*2]]) and afford the pleadings a liberal construction (see Jenkins v Jenkins, 145 AD3d 1231, 1233 [2016]). Dismissal of a petition under CPLR 3211 (a) (1)[FN5] "is appropriate where the documentary evidence utterly refutes the [petitioner's] allegations, conclusively establishing a defense as a matter of law" (id. at 1234 [internal quotation marks and citation omitted]). Respondent "bears the burden of demonstrating that the proffered [evidence] conclusively refutes [petitioner's] factual allegations" (Kolchins v Evolution Mkts., Inc., 31 NY3d at 106).
The undisputed documentary evidence in the record, including that submitted by petitioner, establishes that he was arrested by officers from the City of Schenectady Police Department on July 23, 2008,[FN6] arraigned and placed in the custody of respondent on July 24, 2009 at SCJ and taken into DOCCS's custody on December 1, 2009. Accordingly, as the documentary evidence conclusively refutes petitioner's allegation that he was in SCJ or in respondent's custody on July 23, 2008, and establishes that respondent's calculation of jail time credit was correct, the petition was properly dismissed (see CPLR 3211 [a] [1]).[FN7]
Petitioner's remaining claims have been considered and are either unpreserved or lack merit.
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the cross appeal is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: DOCCS was bound by the jail time certificate issued by respondent (see Correction Law § 600-a; Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d 1210, 1211 [2018]).

Footnote 2: Petitioner's initial pro se pleading was labeled a "claim," which Supreme Court deemed to be a petition pursuant to CPLR article 78, and petitioner thereafter filed a verified petition.

Footnote 3: Petitioner had not served the full 10-year sentence imposed in 2009 and had over four years remaining on his PRS (see Matter of Lewis v Annucci, 193 AD3d 1145, 1145-1146 [2021]).

Footnote 4:We note that, although the judgment contains numerous errors regarding the year in which key events occurred, we are satisfied that the errors were typographical and did not affect the conclusion that dismissal of the petition is warranted.

Footnote 5: Although Supreme Court did not state under which subdivision of CPLR 3211 (a) it was granting dismissal, it is clear that the court's resolution was premised upon the documentary evidence refuting petitioner's allegations. It is also clear that, in moving to dismiss, respondent relied upon documentary evidence in addition to statute of limitations and other objections, and the court properly treated the motion as premised upon documentary evidence (see Miller v Brunner, 164 AD3d 1228, 1230-1231 [2018]). Petitioner had an opportunity to reply and submit documentary evidence in rebuttal, which he failed to do, and no prejudice occurred.

Footnote 6: Petitioner alleged that he was in the custody of the police following his arrest on July 23, 2008, which does not constitute being in respondent's custody or in SCJ. He has submitted no authority that this would entitle him to jail time credit under Correction Law § 600-a.

Footnote 7:In view of this determination, the arguments by respondent as alternative grounds for affirmance are academic (see Ford v Rifenburg, 94 AD3d 1285, 1285 n 1 [2012]).