Constantine v Lutz (2022 NY Slip Op 02842)

Constantine v Lutz

2022 NY Slip Op 02842

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

532684
[*1]Stacy Constantine, Individually and as Parent of Shayla Constantine, an Infant, et al., Appellants,
v
Robert Lutz et al., Respondents, et al., Defendant.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

LeCours, Chertok & Yates, LLP, Saratoga Springs (Daniel G. Chertok of counsel), for appellants.
Harris, Conway & Donovan, PLLC, Albany (Ryan E. Manley of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered December 8, 2020 in Saratoga County, which, among other things, granted a motion by defendants Robert Lutz and Dawn Constantine to dismiss the complaint against them.
In August 2019, Paul Constantine Jr. (hereinafter decedent) executed a will bequeathing $50,000 each to Shayla Constantine and plaintiff Miranda Constantine (hereinafter collectively referred to as the grandchildren). The grandchildren are the children of James Constantine, decedent's son who died in 2018 (hereinafter the deceased son), and plaintiff Stacy Constantine, the deceased son's widow and decedent's daughter-in-law (hereinafter the daughter-in-law). In February 2020, decedent established the Paul J. Constantine, Jr. Irrevocable Trust (hereinafter the trust), naming as trustee defendant Dawn Constantine, decedent's daughter (hereinafter the daughter). On the same day, decedent transferred his home located in the Town of Malta, Saratoga County (hereinafter the subject property) and other assets to the trust. Upon decedent's death, the trust assets were to be distributed in equal shares to the daughter and defendant Paul Constantine III, decedent's surviving son (hereinafter the son). Decedent died in March 2020. In July 2020, the daughter initiated a settlement of a small estate without court administration, reporting assets of $36,900.
Plaintiffs commenced this action seeking, among other things, to invalidate the trust or the transfer of the subject property thereto, alleging that decedent created the trust while under defendants' undue influence or as the result of defendants' false statements that the daughter-in-law was responsible for the deceased son's death. Plaintiffs contended that, as a result of these false allegations, their relationship with decedent "got very cold" — particularly after decedent moved in with the daughter and defendant Robert Lutz (hereinafter collectively referred to as defendants) in September 2019, cutting off access between plaintiffs and decedent until his passing. Defendants moved, pre-answer, to dismiss the complaint against them, arguing, among other things, that plaintiffs lacked standing to challenge the trust, that they failed to state a cause of action for fraud, duress or undue influence and that their slander cause of action was time-barred. Plaintiffs opposed and cross-moved to amend the caption to add the daughter's capacity as trustee, among other relief. Supreme Court granted the branch of plaintiffs' cross motion to amend the caption, but nevertheless dismissed the complaint against defendants finding that the cause of action for slander was time-barred [FN1] and that plaintiffs lacked standing to challenge the establishment of the trust.[FN2] Plaintiffs appeal.
Standing concerns whether a litigant has demonstrated an injury-in-fact, that is, "an actual legal stake in the matter being adjudicated . . . [that] casts the dispute in a form traditionally capable [*2]of judicial resolution" (Society of Plastic Indus. v County of Suffolk, 77 NY2d 761, 772 [1991] [internal quotation marks and citation omitted]), whereas the issue here relates to capacity, which "concerns a litigant's power to appear and bring its grievance before the court . . . [and its] right to sue, if it exists at all, must be derived from the relevant enabling legislation of some other concrete statutory predicate" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 384 [2017] [internal quotation marks and citations omitted]; see Matter of Kosmo Family Trust, 72 Misc 3d 1214[A], 2021 NY Slip Op 50745[U], *2 [Sup Ct, Albany County 2017]).
A litigant's capacity to challenge a will or trust is regulated by procedural statutes applicable in Surrogate's Court (see Wigand v Murphy, 263 AD2d 724, 726 [1999]). Such challenge may only be brought by a "[p]erson interested," which is defined as "[a]ny person entitled or allegedly entitled to share as beneficiary in the estate" (SCPA 103 [39]). A beneficiary is "[a]ny person entitled to any part or all of an estate" (SCPA 103 [8]). Here, as the grandchildren were given specific bequests in decedent's August 2019 last will and testament, and the instrument creating the trust in February 2020 reserved to decedent a limited power of appointment to name his grandchildren as possible beneficiaries of trust assets upon his death, the grandchildren are interested persons within the meaning of the SCPA, so plaintiffs have capacity to challenge the validity of the trust (see Matter of Kosmo Family Trust, 2021 NY Slip Op 50745[U], at *4; see also Matter of Radio Drama Network, Inc., 187 AD3d 526, 527 [2020]; Matter of Davidson, 177 Misc 2d 928, 931 [Sur Ct, NY County 1998]).
Turning to the merits of defendants' motion,[FN3] "[o]n a CPLR 3211 motion to dismiss, we must accept the facts as alleged in the [complaint] as true[,] . . . accord [plaintiff] the benefit of every possible favorable inference and afford the pleadings a liberal construction" (Matter of Lewis v Dagostino, 199 AD3d 1221, 1222 [2021] [internal quotation marks and citations omitted]). "When asserting conduct involving fraud or undue influence, the complaint must set forth in detail the circumstances constituting the wrong" (Lewis v DiMaggio, 115 AD3d 1042, 1044 [2014]; see CPLR 3016 [b]; Sargis v Magarelli, 12 NY3d 527, 530 [2009]). "In order to state a fraud cause of action, a plaintiff must allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury" (Scaturro v Sutera, 57 AD3d 1283, 1283 [2008] [internal quotation marks and citations omitted]). "To establish undue influence, [a plaintiff must] demonstrate that [the] decedent was actually constrained to act against [his or] her own free will and desire by identifying the motive, opportunity and acts allegedly constituting the influence, as well as when and where such [*3]acts occurred" (Matter of Haley, 189 AD3d 2000, 2002 [2020] [internal quotation marks and citations omitted]). In the context of a pre-answer motion to dismiss, the complaint must at least allege "facts and circumstances from which the exercise of such undue influence can fairly and necessarily be inferred" (id. [internal quotation marks and citations omitted]).
Although raised by defendants, Supreme Court did not pass on the sufficiency of plaintiffs' complaint. As to plaintiffs' cause of action asserting fraud, plaintiffs allege that defendants and the son told decedent that the daughter-in-law killed the deceased son, a falsehood upon which decedent relied when he created the trust and conveyed his assets thereto. Even accepting that allegation as true (see Matter of Lewis v Dagostino, 199 AD3d at 1222), plaintiffs cannot state a cause of action for fraud because the Court of Appeals has expressly declined "to extend the reliance element of fraud to include a claim based on the reliance of a third party" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 829 [2016]). As to plaintiffs' cause of action asserting undue influence, plaintiffs' broadly-stated theory is that, upon the death of the deceased son, the previously absent defendants drove a wedge between the daughter-in-law and decedent, took control of decedent's caretaking as he aged and grew infirm and then moved him into defendants' home where decedent created the trust and conveyed into it his assets to benefit defendants and the son upon his death. Although inartful, when the allegations in the complaint are liberally construed and assumed true, affording the plaintiffs the benefit of every favorable inference (see Matter of Lewis v Dagostino, 199 AD3d at 1222; Lewis v DiMaggio, 115 AD3d at 1043-1044), we find that such allegations are enough to assert a cause of action for undue influence and we modify accordingly.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of the motion by defendants Robert Lutz and Dawn Constantine seeking to dismiss the allegations of undue influence in the complaint's first cause of action; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiffs do not raise any contentions with respect to dismissal of their cause of action for slander.

Footnote 2: Supreme Court also dismissed plaintiffs' causes of action for injunctive relief and an accounting, which are not challenged on appeal.

Footnote 3: Although, "absent extraordinary circumstances, beneficiaries of an estate generally do not have a right to bring an action seeking to recoup property for the estate since that role belongs to the executor" (Lewis v DiMaggio, 115 AD3d 1042, 1043 [2014]), such a request here would have been futile given the allegations lodged in the complaint against the daughter, who served as both the executor and the trustee, placing her in an untenable position (see Inman v Inman, 97 AD2d 864, 865 [1983]; see also McQuaide v Perot, 223 NY 75, 79-80 [1918]; Lewis v DiMaggio, 115 AD3d 1042, 1044 [2014]; cf. SCPA 702 [8], [9]).