Salus v Berke (2023 NY Slip Op 06183)

Salus v Berke

2023 NY Slip Op 06183

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

536182
[*1]Gregory J. Salus et al., Respondents,
v
Jason Berke et al., Appellants.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Holihan & Associates, PC, Richmond Hill (Stephen Holihan of counsel), for appellants.
Oliver Law Office, Albany (Lewis B. Oliver Jr. of counsel), for respondents.

Pritzker, J.
Appeal from that part of an order of the Supreme Court (Richard J. McNally Jr., J.), entered August 10, 2022 in Rensselaer County, which denied defendants' motion to dismiss the first and fifth causes of action.
Plaintiff Gregory J. Salus is the beneficiary of the residuary clause of the will of his mother (hereinafter decedent), and plaintiff Robert Russo is the executor of the estates of decedent and her husband. Salus hired defendants to represent him in two matters to settle the estates of decedent and her husband. The retainer agreement provided that defendants would receive one third of "any recovery by suit, settlement or otherwise" stemming from their representation of Salus in the matters regarding the estates. Defendants represented Salus in negotiations between Russo and Salus' stepsisters to settle a disagreement over the allocation of an award received from decedent's husband's medical malpractice settlement. The negotiations resulted in Salus directly receiving $370,000 as well as $100,000 as the beneficiary of the residuary of decedent's estate. As such, defendants included this $100,000 — in addition to the $370,000 — when calculating their legal fee.
Russo, in his capacity as trustee of a special needs trust established for Salus and as executor of decedent's estate, and Salus in his individual capacity commenced this action alleging that defendants improperly calculated their legal fee pursuant to the retainer agreement because the $100,000 should not have been factored into defendants' legal fee calculation. Accordingly, plaintiffs allege that defendants collected $31,668 to which they were not entitled pursuant to the signed retainer agreement. Plaintiffs pleaded five causes of action: breach of contract, conversion, fraud, legal malpractice and a violation of Judiciary Law § 487. Defendants filed a motion to, among other things, dismiss based upon CPLR 3211 (a) (1) and (7), which Supreme Court partially granted, dismissing the claims of conversion, fraud and legal malpractice. However, the court denied the motion as to the breach of contract and Judiciary Law § 487 claims finding that plaintiffs had sufficiently pleaded those causes of action. Defendants appeal.
Defendants contend that plaintiffs' first cause of action alleging breach of contract must be dismissed as there is documentary evidence that conclusively establishes a defense as a matter of law. "A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . a defense is founded upon documentary evidence" (CPLR 3211 [a] [1]). Dismissal "is appropriate where the documentary evidence utterly refutes the petitioner's allegations, conclusively establishing a defense as a matter of law" (Matter of Lewis v Dagostino, 199 AD3d 1221, 1222 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). The defendant " 'bears the burden of demonstrating that the proffered evidence conclusively refutes[*2][the plaintiff's] factual allegations' " (id. [brackets omitted], quoting Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106 [2018]).
In support of their motion, defendants submitted plaintiffs' complaint, attached to which, as relevant here, is decedent's will, a January 2020 amended decree from the Kings County Surrogate's Court, the retainer agreement between Salus and defendants and a March 2020 settlement agreement. The January 2020 amended decree, which predates defendants' representation of Salus, demonstrates that as part of the settlement of a medical malpractice/wrongful death action on behalf of decedent's husband, decedent's estate was to be paid $100,000 for decedent's distributive share. Decedent's will provides, in relevant part, that the proceeds that resulted from the medical malpractice claim were to be distributed to Salus' stepsisters and that any residuary property be distributed to Salus. Thus, under the January 2020 amended decree, Salus would not receive anything from decedent's husband's medical malpractice/wrongful death action. The retainer agreement, signed in February 2020, specifies that defendants' representation of Salus was for legal services constituting intervention and representation in "two pending matters in Surrogates Court, Kings County concerning" decedent's estate and the estate of decedent's husband. The agreement, which was attached to the complaint, provided that the legal fee would be computed at "33&frac13;% . . . of any recovery by suit, settlement or otherwise." Finally, the March 2020 settlement agreement specifies that its purpose was to compromise the cause of action for wrongful death of decedent's husband and to settle the accounts of decedent's husband's estate as well as decedent's estate. This settlement agreement provided that, in relevant part, Salus' stepsisters "waive all of their rights to any assets or any portion of the assets of the estate of [decedent]." Because of this waiver, $100,000 of the medical malpractice/wrongful death settlement which would have previously been distributed to Salus' stepsisters would instead ultimately fall to the residuary of decedent's estate, of which Salus was the sole beneficiary. Under the settlement agreement, Salus was also to receive $370,000 directly. Defendants calculated their legal fees from the sum total of these amounts, $470,000.
Although Supreme Court was correct that plaintiffs sufficiently pleaded the breach of contract cause of action, it erred by not considering defendants' proffer, specifically, the retainer agreement, which conclusively establishes a defense as a matter of law. Indeed, the language in the retainer agreement is clear that defendants' legal fee would be computed at "33&frac13;% . . . of any recovery by suit, settlement or otherwise." By their involvement in the March 2020 settlement, Salus was awarded not only $370,000, but also the $100,000 that, prior to defendants' representation of Salus, would have been distributed to Salus' [*3]stepsisters. As such, defendants submitted undisputed documentary evidence that conclusively establishes a defense as a matter of law (see Matter of Lewis v Dagostino, 199 AD3d at 1222-1223; Jenkins v Jenkins, 145 AD3d 1231, 1235-1236 [3d Dept 2016]). In light of this determination, plaintiffs' fifth cause of action alleging a violation under Judiciary Law § 487 must also be dismissed inasmuch as the documentary evidence establishes that defendants were entitled to the full amount received under the retainer agreement. Accordingly, defendants' proffer conclusively establishes that they did not "intentionally deceive[ ] the court or a party during the pendency of a judicial proceeding" (A.M.P. v Benjamin, 201 AD3d 50, 57 [3d Dept 2021] [internal quotation marks and citations omitted]; see Judiciary Law § 487 [1]).
Lynch, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the first and fifth causes of action; said causes of action dismissed; and, as so modified, affirmed.