Matter of Peaceful Val. Hous. Dev. Fund Corp. v Town of Johnsburg (2024 NY Slip Op 06266)

Matter of Peaceful Val. Hous. Dev. Fund Corp. v Town of Johnsburg

2024 NY Slip Op 06266

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-2130
[*1]In the Matter of Peaceful Valley Housing Development Fund Corp. et al., Appellants,
v
Town of Johnsburg et al., Respondents.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Mazzotta & Vagianelis, PC, Albany (John N. Vagianelis of counsel), for appellants.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Jacquelyn P. White of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (Robert J. Muller, J.), entered September 15, 2023 in Warren County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
Twenty years ago, the Town Board of respondent Town of Johnsburg adopted a resolution approving a property tax exemption under Private Housing Finance Law § 577 for petitioners' plan to build low-income housing (hereinafter the project) on undeveloped property located within the Town's geographical limits in Warren County. The resolution specified that the exemption would run for 15 years "commencing with the first tax year following completion of the [p]roject." In October 2005, petitioners and the Town entered into a payment-in-lieu-of-tax (hereinafter PILOT) agreement, which agreement also stated that the exemption would commence with the first tax year following the completion of the project. The PILOT agreement also specified that it — that is, the agreement — would "become effective on the first tax status date following completion of the [p]roject . . . and continue for a term of [15] years thereafter." Annexed to the PILOT agreement was a schedule of the PILOT payments to be paid each year for 15 years. The project was completed in February 2007, and the property's first tax status date was March 1, 2007 (see RPTL 302 [1]). Petitioners made their first PILOT payment in June 2007 and then 14 more PILOT payments each year thereafter in accord with the schedule. Petitioners tendered their fifteenth PILOT payment in June 2021.
Petitioners were notified that, although the property was exempt on the 2021 final assessment roll, the property's tax status was changed to taxable on the tentative 2022 assessment roll (see generally RPTL 510-a, 511). Petitioners did not seek review of the change in tax status or the 2022 assessment roll (see generally RPTL art 7). Instead, petitioners, through counsel, agreed that the exemption expired under its own terms in December 2021 and proposed a new 15-year exemption, which proposal the Board declined to adopt. A few days after that rejection, petitioners informed the Town that they had reread the resolution and PILOT agreement and concluded that the exemption was still active. They therefore demanded the Town list the property as exempt on the 2022 assessment roll. When the Town refused, petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking an order declaring that the tax exemption did not terminate until December 31, 2022 and directing the Town to list the property as exempt on the 2022 assessment roll. Respondents moved pre-answer to dismiss the petition/complaint on various grounds, asserting that the text of the resolution and PILOT agreement refute petitioners' allegations and that petitioners received the 15-year exemption contemplated by that agreement. Petitioners cross-moved for summary [*2]judgment, and, following oral argument on both motions, Supreme Court denied petitioners' cross-motion, granted respondents' motion and dismissed the petition/complaint. Petitioners appeal, and we affirm.
"When reviewing a motion to dismiss pursuant to CPLR 3211, we accept the facts alleged in the petition[/complaint] as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Matter of First United Methodist Church in Flushing v Assessor, Town of Callicoon, 230 AD3d 885, 888 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). With respect to a CPLR 3211 (a) (1) motion, "[d]ismissal is appropriate where the documentary evidence utterly refutes the petitioner's allegations, conclusively establishing a defense as a matter of law" (Salus v Berke, 221 AD3d 1390, 1391 [3d Dept 2023] [internal quotation marks and citations omitted]). To qualify, documentary evidence must be unambiguous and of undisputed authenticity — including, for example, "documents reflecting out-of-court transactions such as mortgages, deed, contracts, and any other papers, the contents of which are essentially undeniable" (Koziatek v SJB Dev. Inc., 172 AD3d 1486, 1487 [3d Dept 2019] [internal quotation marks and citation omitted]; see Zeppieri v Vinson, 190 AD3d 1173, 1175 [3d Dept 2021]).
As an initial matter, petitioners disclaim any challenge to the property's assessed value, and instead direct their arguments at the "arbitrary and capricious decision of the Town" to maintain its position that "the PILOT agreement expired December 31, 2021, when it actually expired December 31, 2022." Despite invoking CPLR article 78 (see CPLR 7803 [3]), petitioners' essential claim sounds in contract — specifically, that respondents breached the PILOT agreement by failing to exempt the property from tax for the fifteenth year of petitioners' 15-year tax exemption (see generally CPLR 103 [c]; Liberty Mut. Ins. Co. v PMI Newco, LLC, 225 AD3d 941, 942-943 [3d Dept 2024]; Ficel Transp., Inc. v State of New York, 209 AD3d 1153, 1157 [3d Dept 2022]).
Respondents' documents establish as a matter of law that the Town fully performed its obligations under the PILOT agreement (see Salus v Berke, 221 AD3d at 1392), and petitioners are not entitled to an additional year of tax exemption. The Town's fiscal year runs from January 1 to December 31 (see Town Law § 101); thus, with respect to the Town, "the first tax year following completion of the [p]roject" was January 1 to December 31, 2008. Respondents submitted a copy of petitioners' 2008 tax bill reflecting $0 in taxable property, along with copies of the 14 subsequent tax bills each reflecting the same $0 assessment, up to and including the 2022 tax bill. Those documents utterly refute petitioners' allegation that they were denied a 15-year tax exemption when the property was listed on the tentative 2022 assessment [*3]roll as taxable for the 2023 fiscal year (see CPLR 3211 [a] [1]). As respondents carried their burden to show via indisputable documentary evidence that there was no breach of the PILOT agreement because the property was exempt from tax "for a period of [15] years" starting with the 2008 fiscal year and ending with the 2022 fiscal year, Supreme Court appropriately dismissed the petition/complaint (see Matter of Lewis v Dagostino, 199 AD3d 1221, 1223 [3d Dept 2021]). Petitioners' remaining contentions have been assessed and have no merit.
Garry, P.J., Egan Jr., Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.